Carl Don SMITH *v.* STATE of Arkansas

CA CR 79-105                    594 S.W. 2d 255

Opinion delivered January 30, 1980
Released for publication February 20, 1980

*Wayne Mooney,* for appellant.

*Steve Clark,* Atty. Gen., by: *Ray Hartenstein,* Asst. Atty. Gen., for appellee.

M. STEELE HAYS, Judge. Carl Don Smith was tried and convicted of possession of merchandise stolen from the grocery store of Gerald Mason. The jury imposed a sentence of two years imprisonment.

For reversal, appellant urges that his motion to suppress certain evidence should have been upheld as having been seized by a private citizen acting as an agent of the police and conducting a search without a warrant.

Testimony at the hearing on the motion established that Gerald Mason discovered that his grocery store had been broken into when he arrived to open for business. White plastic trash bags were strewn around, and Mr. Mason found that shotgun shells, rifle cartridges, cigarette cartons, meats and other merchandise were missing. The sheriff's office investigated and the deputy gave the names of several possible suspects to Mason, including Carl Don Smith and Vernon Hightower. Mason was instructed to call the sheriff's office if he discovered any leads or heard anything. Mason and a cousin undertook their own investigation later that day and watched Smith's trailer from a distant point. As they watched, Smith and Hightower came out of the trailer carrying plastic trash bags and placed them in the back of an automobile parked in appellant's driveway. Mason and his companion confronted appellant and through an open door of the automobile could see some of the contents of the bags, which Mason recognized as his own goods. Mason held Smith at gun point and took him to the grocery store in the automobile, at which point Smith and the goods were delivered over to the sheriff.

On this proof, Smith contends that the search was instigated at the suggestion of the deputy sheriff and, therefore, the seizure of the articles was in violation of Fourth Amendment guarantees.

It is recognized that the search-and-seizure clauses of the federal and state constitutions are restraints upon the

government and its agents and not upon private individuals. *Walker* v. *State*, 224 Ark. 1150 (1968); *United States* v. *Harvey*, 540 F. 2d 1345 (1976). The rule, however, differs where such searches and seizures are instigated or encouraged by the police and in such instances the restraints do apply, "as the construction to be attached to the Fourth Amendment does not permit of evasion by circuitous means. The protection thus afforded may be violated just as effectively through the intervening agency of one not a policeman." *People* v. *Evans*, 49 Cal. Rep. 501 (1966). The legal principals need not be considered except in passing, as appellee agrees with the asserted law, considered at some length in 36 A.L.R. 3d 350, but argues that the facts do not bring the principal into play in the case before us and we agree. The deputy did not accompany Mason in the surveillance of Smith's trailer; he did not participate in the activities at the trailer and so far as the record reflects, he was not even aware that Mason was planning any action of this type. The sum and substance of the deputy's role in the events was to instruct Mason to get back in touch with him if he had any leads or heard anything. We are unwilling to go to the extent of inferring from this slender evidence that the deputy instigated the search and seizure, or even suggested it. It is clear to us that the activity challenged by the motion to suppress was the product of an independent foray by Mr. Mason as a private citizen, rather than as an instrument of the sheriff's office. We find no case, nor has appellant provided one, in which the rule of law stated above has been applied to facts similar to those of this case. Indeed, it would strain logic to the breaking point to hold that a police officer could instruct the victim of a theft to get back in touch with him if he had any leads or heard anything and by so doing invoke an agency by which the police were bound, in whatever fashion the private citizen subsequently chose to act.

Finally, while our decision on the first point obviates the need to consider the second, we do observe that had the facts and the law met in this case, that is, assuming that Mason was an agent for the sheriff. Nevertheless, his conduct in the matter does not constitute an unlawful search and seizure. Mason and his companion observed Smith and Hightower carrying the trash bags from the trailer to the automobile,

and, upon going on to the yard or driveway, they saw the stolen goods through an open door of the vehicle. We could not justifiably hold on this evidence that the Fourth Amendment had been violated.

Affirmed.