Burl PRUITT *v.* STATE of Arkansas

CA CR 82-195                                    652 S.W.2d 51

Court of Appeals of Arkansas
Opinion delivered June 15, 1983

*Jim Petty,* for appellant.

*Steve Clark,* Atty. Gen., by: *Victra L. Fewell,* Asst. Atty. Gen., for appellee.

JAMES R. COOPER, Judge. In this criminal case, the appellant was charged with rape, in violation of Ark. Stat. Ann. § 41-1803 (Repl. 1977). After a trial by jury, the appellant was sentenced to thirty years imprisonment in the Arkansas Department of Correction. From that decision, comes this appeal.

The State alleged that the appellant was guilty of having intercourse with a female under the age of eleven years, that female being his daughter. The appellant does not challenge the sufficiency of the evidence supporting his conviction, but he does raise points regarding the trial court's rulings on the admissibility of evidence and the denial of a mistrial. The appellant also raised an objection as to the alleged irregularities concerning the jury's deliberation. Since the appellant has not challenged the sufficiency of the evidence, we will not detail the State's case except to the extent that it is necessary to explain the appellant's arguments on appeal.

A defense witness, the appellant's sister, testified that on two different occasions, she had observed the victim masturbating. The State objected, contending that evidence of

prior sexual conduct was excluded under the Arkansas Rape Shield Statute, Ark. Stat. Ann. § 48-1810.1-.4 (Repl. 1977). Initially, the trial court overruled the State's objection, finding that the testimony was relevant based on the prior testimony of a pediatrician, Dr. David Weed, who had examined the victim. The witness proceeded to testify that the last time she had observed the victim masturbating was approximately two weeks prior to the incident charged in the information. At that time, the trial court questioned the relevancy of the testimony. Defense counsel indicated that he intended to offer the aunt's testimony primarily to show that the victim had masturbated before, and to raise the question of whether her injuries could have resulted from the masturbation. This possibility had been raised during the cross-examination of Dr. Weed who testified that a hole in the victim's hymen could have resulted from either penetration by a penis or masturbation. However, Dr. Weed testified that, based on the other evidence of inflammation and bleeding in the genital area, it was very unlikely that the victim's injuries were digital in origin. He further testified that the injuries which the child had suffered had occurred within three to four days prior to April 7.

The relevant portion of Ark. Stat. Ann. § 41-1810.1 (Repl. 1977), the Rape Shield Statute, provides:

> ... opinion evidence, reputation evidence, or evidence of specific instrances [instances] of the victim's prior sexual conduct with the defendant or any other person is not admissible by the defendant, either through direct examination of any defense witness or through cross-examination of the victim or other prosecution witness, to attack the credibility of the victim, to prove consent or any other defense or for any other purpose.

It is not totally clear whether the trial court excluded the testimony on the basis of the Rape Shield Statute or on the simple basis of relevancy. It appears that the Rape Shield Statute requires that the testimony complained of relates to conduct of the victim "with the defendant or any other person." Thus, the Rape Shield Statute may not be applicable to evidence of sexual activity which is limited to

masturbation. However, we do not find it necessary to decide this issue. The trial court was correct in excluding the testimony on the basis of relevancy. There was no evidence presented which indicated that the victim's injuries were caused by masturbation. The most that can be said is that Dr. Weed conceded that the hole in the victim's hymen could have been caused by self manipulation, but that with the other irritation and type of injuries, he believed that it was extremely unlikely that the injury could have been caused in such a manner. Further, Dr. Weed was unequivocal in his statement that the injuries occurred, at most, three to four days prior to his examination. The only evidence concerning masturbation indicated that these masturbatory incidents occurred two weeks prior to the alleged rape.

Rule 401 of our Uniform Rules of Evidence, provides:

'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Rule 403 provides:

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Whether evidence is relevant is a matter which lies within the sound discretion of the trial court and, absent an abuse of that discretion by the trial court, we will not disturb its ruling. *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980); *Hamblin* v. *State*, 268 Ark. 497, 597 S.W.2d 589 (1980). On these facts, we hold that the trial court did not abuse his discretion in excluding the testimony regarding the victim's earlier masturbation.

For his second point for reversal, the appellant alleges that the trial court erred in refusing to grant a mistrial. The

motion for mistrial was based on two questions asked by the prosecuting attorney. The prosecuting attorney asked the appellant's sister if it was not true that she was lying and that she had fabricated an alibi defense for the appellant. Both questions were objected to by the appellant's counsel and the trial court sustained the objections. The witness answered neither question. The court then held a hearing the next day on the motion for mistrial. The court concluded that there was no prejudice to the appellant which would require a mistrial, and the court inquired as to whether the appellant's counsel wished the jury to be admonished. Counsel for the appellant declined the admonition on the basis that it would be more harmful than helpful to the appellant. The appellant argues that *Watson* v. *State,* 275 Ark. 876, 521 S.W.2d 205 (1975), is controlling. We disagree, although it is clear that the prosecuting attorney did ask improper questions of the witness. In *Watson, supra,* the questions were ordered to be answered by the trial court. Here, the trial judge not only sustained the objection, but offered to admonish the jury concerning the improper questions.

A mistrial is an extreme remedy which should only be granted as a last resort. *Price* v. *State,* 268 Ark. 535, 597 S.W.2d 598 (1980); *Cobb* v. *State,* 265 Ark. 579, 529 S.W.2d 612 (1979). The error must be so prejudicial that justice could not have been served by continuing the trial. *Chaviers* v. *State,* 267 Ark. 6, 588 S.W.2d 434 (1979). The decision to grant or deny a mistrial is within the sound discretion of the trial court, and its decision will not be reversed on appeal unless an abuse of discretion is shown. *Cooley* v. *State,* 4 Ark. App. 238, 629 S.W.2d 311 (1982). In the case at bar, we do not find that the trial court abused its discretion in refusing to grant a mistrial, particularly in light of the refused admonition to the jury.

For his third point for reversal, the appellant argues that the trial court erred in his conduct with the jury in two respects: first, by allowing the jury to go back to deliberate further after arriving at a verdict of guilty, but failing to sentence the appellant and, second, by instructing the foreman alone on the manner in which the jury should sentence the appellant. A brief outline of the facts is in order.

The jury, after some deliberation, returned to open court with a finding of guilt, but with the sentencing portion of the verdict form blank. In the presence of the entire jury, the appellant, and counsel for both the State and the appellant, the court instructed the jury that the sentencing portion of the verdict form should be filled in. Sometime later, according to the appellant, the foreman returned with the verdict form, but the sentencing portion of the verdict form had been filled out showing the range of punishment available, 10 to 40 years or life, rather than a specific sentence to a term of years or life. It is not totally clear whether the entire jury was present, or whether the foreman alone was present. The court informed the foreman, or the whole jury, that it was up to the jury to specify the exact penalty to be imposed. Both the prosecuting attorney and the defense counsel agreed to that instruction. The court provided the foreman with a clean verdict form, and again both counsel agreed to that procedure. Defense counsel then specifically objected to the continued deliberation and requested that the court sentence the appellant to the minimum, 10 years. The court declined to do so. First, we find no prejudice in the additional instructions to the jury regarding its duty to impose sentence. Arkansas Statutes Annotated § 43-2139 (Repl. 1977), provides that the jury may be instructed as to points of law in the event such instruction is necessary after deliberations have begun. The trial court did not abuse his discretion by correctly instructing the jury as to its duty under Arkansas law.

With regard to the alleged instruction of the foreman, outside the presence of the entire jury, the answer is not so easy. The Arkansas Supreme Court has held that the above-cited statute is mandatory and a violation of the statute is presumed prejudicial, unless the court can say, with confidence, that the error was not prejudicial. *Williams* v. *State*, 264 Ark. 77, 568 S.W.2d 30 (1978). In the case at bar, we are convinced that the error was harmless, if in fact there was an error. First, it is not totally clear whether the entire jury was or was not present before the court when the second instruction regarding sentencing was given. Secondly, the jury simply imposed a sentence within the permitted range, as it had twice before been instructed to do. At most, the

court's instruction to the foreman, if in fact it was made only to the foreman, was simply a repetition of instructions which had already been given to the entire panel, and, we emphasize, following a finding of guilt by the jury. Third, the appellant agreed to the procedure followed by the trial court, and if there was any error, he has waived his right to complain about it. Fourth, we note that no objection to the procedure was ever raised before the trial court, either at trial, or by motion for a new trial. The point is raised for the first time on appeal. The appellant cites *Andrews* v. *State,* 251 Ark. 279, 472 S.W.2d 86 (1971), claiming that it requires a reversal in the case at bar. We disagree. *Andrews* dealt with an instruction by the trial court on parole laws in the State of Arkansas. The Supreme Court took the opportunity to clarify prior decisions and pointed out that the fundamental reason for requiring adherence to Ark. Stat. Ann. § 43-2139 (Repl. 1977) was that there was a substantial opportunity for misinterpretation by an individual juror and a corresponding relay of that incorrect information to the balance of the jury. In the case at bar, we find that the error, if any existed, was not prejudicial to the appellant, since the instruction to the foreman was only cumulative and the appellant's counsel agreed to the procedure followed by the trial court, raising no objection prior to appeal.

Affirmed.