David Lynn HARPER *v.* STATE of Arkansas

CA CR 85-189 707 S.W.2d 332

Court of Appeals of Arkansas
En Banc
Opinion delivered April 9, 1986

238

*Robert E. Irwin*, for appellant.

*Steve Clark*, Att'y Gen., by: *Jerome T. Kearney*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted by a Boone County Circuit Court jury of possession of marijuana, second offense, and of being a felon in possession of a firearm. He was sentenced to serve six years on each charge in the Arkansas Department of Correction, with the sentences to run consecutively. On appeal, he alleges three points of error: (1) the court erred in admitting evidence relevant to a charge of possession of marijuana with intent to deliver, claiming that the evidence is irrelevant to his charge of simple possession; (2) the court erred in failing to direct a verdict of acquittal on the charge of being a felon in possession of a firearm; and (3) the court erred in failing to suppress the items seized in the search of the appellant's home, claiming that the affidavit provided an insufficient basis for the issuance of a search warrant. We find no merit in any of the appellant's contentions.

The appellant first contends that the court erred in admitting evidence of drug paraphernalia found during the search. He argues that this evidence is irrelevant to a charge of simple possession, second offense, as described by Ark. Stat. Ann. § 82-2617(c) (Supp. 1985). (The appellant had originally been charged with possession with intent to deliver, under Ark. Stat. Ann. § 82-2617(a)(iv) (Supp. 1985), but because of some confusion as to whether that crime constituted a felony or misdemeanor, the information was amended to charge him with possession.) The evidence to which the appellant objected consisted of testimony, photographs, and a hypodermic syringe and needle. Lieutenant Riggs, of the Harrison Police Department, testified that:

> [w]hen we entered the room, we discovered sheets spread over the floor in the room and mounds of vegetable material, there was quite a bit and it was apparent that it was Marijuana; three large grow lights; an electric heater; an electric box fan and other Marijuana paraphrenalia [sic] . . . . We also seized a large set of scales . . . We found the scales, as I recall in that [master] bedroom . . . It's a wooden box we found in the . . . master bedroom and

. . . contains a couple different items. One is a small pipe that Marijuana is smoked in and the same here [another pipe], also a syringe, a needle and its got a few other little items in it.

During Lt. Riggs's testimony, pictures of the lights, heater, fan, scales, and box (along with pictures of the marijuana) were introduced into evidence, as were the hypodermic syringe and needle. Mr. James, a chemist for the State Crime Laboratory, testified that the needle and syringe contained *no* controlled substances and that the wooden pipes found in the box tested positive for Tetrahydracannabol (THC—the active ingredient in marijuana), although he could find no identifiable traces of marijuana on them under the microscope.

■■ While evidence of other crimes not charged in the indictment or information is generally inadmissible, evidence of other criminal activity is admissible under the *res gestae* exception to that general rule, in order that the facts and circumstances of the offense may be established. *Young* v. *State*, 269 Ark. 12, 598 S.W.2d 74 (1980). Therefore, the Supreme Court in *Young* found testimony by an undercover officer, that the defendant had told him during a sale of phencyclide (PCP) (the basis of the charge against the defendant) that he had already sold thirty hits of PCP that night, admissible as part of the *res gestae* of the transaction. In so doing, the Court noted that this evidence was not necessary to establish identity, plan, or intent of the defendant as to the offense charged, as that had been established by the officer's testimony. Likewise, in *Thomas* v. *State*, 273 Ark. 50, 615 S.W.2d 361 (1981), the Court held that evidence of a rape committed during an aggravated robbery was admissible in a trial concerned solely with the charge of aggravated robbery, even though the aggravated robbery could be proven without evidence of the rape. The Court stated that "all of the circumstances of a particular crime are part of the 'res gestae' of the crime [and] . . . that *all of the circumstances* connected with a particular crime may be shown to put the jury in possession of the entire transaction." 273 Ark. at 54 (emphasis in original).

"*Res gestae* are the surrounding facts of a transaction, explanatory of an act, *or showing a motive for acting.* They are proper to be submitted to a jury, provided they can be

> established by competent means, sanctioned by law, and
> afford any fair presumption or inference as to the question
> in dispute . . . . Now circumstances and declarations
> which were contemporaneous with the main fact under
> consideration or so nearly related to it as to illustrate its
> character and the state of mind, sentiments or dispositions
> of the actors are parts of the *res gestae.*"

*Freeman* v. *State*, 258 Ark. 496, 503, 527 S.W.2d 623, 627
(1975)(quoting *Carr* v. *State*, 43 Ark. 99 (1884))(emphasis
added). *Accord, Turner* v. *State*, 258 Ark. 425, 527 S.W.2d 580
(1975).

■ Here, all of the evidence objected to was found at the
same time as the marijuana, most of it in close proximity thereto.
The only exception is the syringe and needle, which were found in
close proximity to pipes with traces of THC on them. This
evidence, in addition to being part of the *res gestae* of the crime of
possession, is also relevant in determining the motive of the
appellant for possession of marijuana.[1] "Even if motive is not an
element of the crime charged, it may be proven." *Lackey* v. *State*,
288 Ark. 225, 229, 703 S.W.2d 858, 861 (1986). *See also*
*Synoground* v. *State*, 260 Ark. 756, 543 S.W.2d 935 (1976).

■ Furthermore, there is overwhelming evidence in this
case that the appellant possessed marijuana. The State proved the
appellant's possession by the testimony of the officers and the
introduction of the 2.4 pounds of marijuana seized from the
appellant's home. Additionally, the appellant told the officers,
after waiving his *Miranda* rights, that he owned the marijuana.
Determining whether the probative value of the evidence is
outweighed by its prejudicial impact is within the sound discre-
tion of the trial court, and we will not reverse its decision absent a
showing of an abuse of that discretion. *Pruitt* v. *State*, 8 Ark.
App. 350, 652 S.W.2d 51 (1983). Because the evidence is part of
the *res gestae* of the crime and is relevant in determining the

---

[1] While the hypodermic syringe and needle are arguably not probative of the
appellant's motive for possession of marijuana, the chemist did indicate that he would not
have been surprised to find THC in them. Furthermore, they are part of the *res gestae* of
the crime, and any prejudicial impact that they would have is minimal, as the evidence
indisputedly showed that there were *no* controlled substances in them.

motive of the appellant, and in light of the overwhelming evidence of possession in this case, we do not find any abuse of the trial court's discretion in admitting the evidence.[2]

The appellant next claims that the court erred in failing to direct a verdict of acquittal on the charge of being a felon in possession of a firearm (Ark. Stat. Ann. § 41-3103 (Repl. 1977)). A directed verdict is only proper if there is no issue of fact for the jury to decide; in reviewing this issue we look at the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Mooring v. State*, 11 Ark. App. 119, 666 S.W.2d 720 (1984). The appellant states there is no evidence to show that he either owned or possessed the weapon. However, the evidence shows that the gun, a .357 Magnum, was found in the appellant's bedroom, directly under a window in which the police officers had observed the appellant looking out when they drove up. The officers saw no other person in that room. While one of the officers testified that he saw the appellant fumbling around with something that could have been a gun, it is undisputed that no one ever saw the gun in the appellant's hand or on his person. However, actual physical possession is not necessary for conviction, nor is ownership. While Ark. Stat. Ann. § 41-3103 does not define possession, Ark. Stat. Ann. § 41-115(15) (Repl. 1977) states that " 'Possess' means to exercise actual dominion, control, or management over a tangible object." The Arkansas Supreme Court has construed this statute:

> Dominion implies wide latitude and is defined as including even the "right to possession." . . . Nor does the word "actual" reduce the usage to one of literal or physical possession . . . *Cary v. State*, 259 Ark. 510, 534 S.W.2d 230 (1976), [held] that actual, physical possession is not required, but that "constructive possession of a controlled substance means *knowledge of its presence and control over it*." [Quoting] *People v. Williams*, 95 Cal. Rptr. 530, 485 P.2d 1146 (1971), . . . [*Cary*] states:

---

[2] Therefore, we need not reduce the appellant's sentence to the minimum allowed by law, as would have been the case, in light of the overwhelming evidence of possession, if we had found the evidence to be irrelevant and so improperly admitted. *See Philmon v. State*, 267 Ark. 1121, 593 S.W.2d 504 (Ark. App. 1980).

> \* \* \* Constructive possession occurs when the ac-
> cused maintains control or a right to control the
> contraband; possession may be imputed when the
> contraband is found in a place which is immediately
> and exclusively subject to his dominion and control, or
> to the joint dominion and control of the accused and
> another.

*Glover* v. *State*, 273 Ark. 376, 380, 619 S.W.2d 629, 631 (1981).
The evidence is sufficient if it is shown, by either direct or
circumstantial evidence, that the appellant had the right to
exercise control over the object. *Cary*, 259 Ark. at 518. Where
possession is shown by joint occupancy only, an additional link
between the accused and the object must be shown. *Osborne* v.
*State*, 278 Ark. 45, 643 S.W.2d 251 (1982). That additional link
is provided here by the appellant's appearance in the window,
below which the gun was found, just minutes before the search
took place, together with the fact there was no other person seen
in the room. We find that there is substantial evidence from which
a jury could infer that the appellant had knowledge of the gun's
presence and a right to control it.

The appellant's final contention is that the court erred in not
suppressing the evidence seized under the search warrant, as the
affidavit, based on information from a confidential informant,
does not provide any legal justification for the issuance of the
warrant. We do not agree.

The Arkansas Supreme Court, in *Thompson* v.
*State*, 280 Ark. 265, 658 S.W.2d 350 (1983), adopted the more
flexible totality of the circumstances test, set forth in *Illinois* v.
*Gates*, 462 U.S. 213 (1983), for use instead of the previously used
two-prong test of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), in
judging the sufficiency of an affidavit based on information
received from an informant. Under the new test

> the magistrate issuing the warrant must make a practical,
> common sense decision based on all the circumstances set
> forth in the affidavit. . . . "the duty of the reviewing court
> is simply to ensure that the magistrate had a 'substantial
> basis for . . . concluding' that probable cause existed" to
> issue the warrant. . . . However, conclusory statements in
> affidavits which give no substantial basis for determining

the existence of probable cause will not be accepted. There must still be enough information presented to the magistrate to allow him to determine that there exists probable cause.

*Wolf* v. *State*, 10 Ark. App. 379, 381, 664 S.W.2d 882, 883 (1984) (quoting *Gates*, 462 U.S. at 238-9). Probable cause for the issuance of the search warrant can only be determined upon the basis of the information given, under oath, to the issuing judicial officer. *Baxter* v. *State*, 262 Ark. 303, 556 S.W.2d 428 (1977). Therefore, we cannot take into account the fact that the identity of the confidential informant was revealed in an *in camera* hearing to the trial judge, as it was not revealed to the municipal court judge who issued the warrant.

The affidavit in this case states that the affiant, Lieutenant Riggs, was contacted by a confidential informant whom the affiant had known for five years. This person was described as a citizen and business person in the community of Harrison, without any known ties to drug trafficking or use. The officer stated that he believed that the informant wished to remain confidential solely out of fear that the identification of the informant could jeopardize the well-being of the informant or the informant's family. The affiant stated that he knew of no reason that the informant would have for giving him false information.

Lieutenant Riggs related that the informant told him that on October 15, 1984, the informant had a legitimate reason for going to the appellant's residence. The informant said that, upon entering the lower level of the house, the informant noticed an unsavory odor, which became stronger upon opening a door to a room directly across from the outside entrance to the lower level. Upon entering this room, the informant found sheets spread upon the floor with a large quantity of green vegetable material on top of the sheets. The informant described the material as partially leafy and partially ground up, dried, and tobacco-like (only greener), and as not appearing to contain any stalks or stems. The informant further stated that, upon observing this material, the informant concluded that it was marijuana, became frightened, and left without ever going upstairs. The informant stated familiarity with most of the vegetation grown in the region, and based on the material's appearance and odor, it was not any of the

legitimate materials grown in the area. In addition to the above, the informant described in detail how to get to the appellant's residence and the layout of the lower level of the house.

The officer stated that, in order to corroborate this information, he contacted the real estate agency renting the house and determined that the appellant and his family were the current tenants and were in the process of moving, their lease having expired on the first of October. The realtor told Lt. Riggs that she thought the appellant travelled for a living. Riggs said in the affidavit that, after receiving this information, he checked the appellant's prior criminal history, which revealed four prior marijuana-related arrests (three in Arkansas and one in Colorado). He stated that, of the two most recent arrests, a conviction was obtained in one case and charges were pending as a result of the other. Riggs stated he then contacted Sergeant Combs of the Arkansas State Police, who confirmed the status of the last two arrests. In addition, Sgt. Combs informed Lt. Riggs that, within the last ninety days, he had received independent information from authorities in Nebraska and Illinois, who informed him that, after raids on marijuana fields in those states, some of the persons arrested told them that a David Harper of Arkansas was the planner of the operation.

We find this affidavit sufficient under the totality of the circumstances test. The informant's information that the appellant was involved with marijuana was corroborated in part by the two independent reports from Illinois and Nebraska, both of which implicated the appellant as the planner of marijuana growing operations. It is unnecessary that every detail of an informant's tip, particularly a non-professional informant as we have here, to be corroborated, even under the more stringent *Aguilar* two-prong test. *See United States* v. *Ward,* 703 F.2d 1053 (8th Cir. 1983). In *Ward,* the court found that the police's observation of Ward entering into a barn, whose windows had been covered with black paper, described by the informant as the place he saw Ward growing marijuana, was sufficient corroboration to demonstrate the reliability of the informant's tip under the *Aguilar* test. Here, the house is not only independently determined to be occupied by the appellant, as the informant stated, but the appellant's current involvement with marijuana was independently shown. Probable cause requires only enough

evidence to show circumstances indicating there is a probability of criminal activity; a *prima facie* showing of such activity is not necessary, nor is it necessary to show such by evidence beyond a reasonable doubt or even by a preponderance of the evidence. *Gates*, 462 U.S. at 235. The informant's personal observation of the vegetable matter, standing in the community as a business person with no known ties to drugs, and the independent corroboration of the appellant's current involvement with marijuana, are sufficient under the totality of the circumstances test, or even under the old *Aguilar* test, to support a finding of probable cause.

 The appellant makes much of the fact that the informant apparently entered the house when no one was at home, alleging that such an entrance could not be on legitimate business. The affidavit does not indicate whether anyone was at home. However, even if the informant had entered the house illegally, that fact cannot be used to strike down the warrant, as the constitutional safeguards of the fourth amendment do not apply to the actions of private citizens. *Smith* v. *State*, 267 Ark. 1138, 594 S.W.2d 255 (Ark. App. 1980).

The appellant has failed to demonstrate any reversible error, and therefore, we affirm his conviction.

Affirmed.

GLAZE, J., disagrees with point one of the majority opinion and, therefore, dissents.