Kenneth Wayne PICKETT *v*. STATE of Arkansas

CR 89-230                                       783 S.W.2d 854

Supreme Court of Arkansas
Opinion delivered February 12, 1990

*Albert R. Hanna*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

Otis H. Turner, Justice. The appellant, Kenneth Wayne Pickett, was charged with driving under the influence of intoxicants, third offense. He subsequently moved to dismiss on the basis that, in his prior convictions, the record did not reflect that he had waived his right to counsel or that he had been advised of

his rights and the consequences of a guilty plea. The motion was denied. The appellant also moved to strike the previous convictions, citing as justification the same basic reasons stated in his previous motion to dismiss. The motion to strike was apparently never acted upon.

On March 28, 1989, the appellant filed a motion to suppress the evidence of the prior convictions, again reciting the same grounds advanced in the motion to dismiss and the motion to strike. On the same date, the appellant, obviously intending to take advantage of Arkansas Rule of Criminal Procedure 24.3(b), entered a written plea of nolo contendere, "reserving the right . . . on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence."

From a fine of $2,000 and costs, a one year jail term with all but 90 days suspended subject to the appellant's compliance with the balance of the court rule, a two-year suspension of driving privileges and completion of an alcohol treatment and education program, this appeal is taken.

We find that the issue raised is jurisdictional and that the appeal is not permitted under the rules and the prior decisions of this court.

The general rule in Arkansas is that, in the language of Ark. Code Ann. § 16-91-101(c) (1987), "there shall be no appeal from a plea of guilty or nolo contendere." *See Redding* v. *State*, 293 Ark. 411, 738 S.W.2d 410 (1987), where the court plainly stated, "There is no right to appeal from a guilty plea."

The Rules of Criminal Procedure, amended by a per curiam in July, 1987, with an effective date of October, 1987, provides an exception to the statutory ban. Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

In *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1989),

this court interpreted Rule 24.3(b), and the holding of the *Jenkins* case is clear in its application here. In *Jenkins*, the appellant was charged with DWI, fourth offense, and pled not guilty. Before trial, he sought by motion to suppress the use of a prior DWI conviction due to the lack of a proper waiver of counsel. In ruling on the motion, the trial court found that the waiver of counsel was valid. Subsequently, Jenkins pled guilty and invoked the provisions of Rule 24.3(b), believing that he was afforded the right to appellate review of the trial court's denial of his motion to suppress the prior conviction.

In *Jenkins* this court addressed the question "whether or not the matter is properly before this court" and determined that "the judgment appealed is not encompassed within Rule 24.3(b)." The rule's reference to a "pretrial motion to suppress evidence" places the emphasis on the *evidence* instead of the motion. "A motion to suppress evidence," Chief Justice Holt wrote, "presupposes that the evidence was illegally obtained. Here, we are simply dealing with the admissibility of evidence, rather than 'illegally obtained' evidence."

It is clear that the question now before the court is jurisdictional and that the rules do not provide for an appeal following a plea of nolo contendere where the appeal challenges the *admissibility* of evidence as distinguished from *evidence illegally obtained*.

This appeal is dismissed.