Richard ECKL *v.* STATE of Arkansas

CR 92-1188                                              851 S.W.2d 428

Supreme Court of Arkansas
Opinion delivered April 20, 1993

*Michael Knollmeyer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Catherine Templeton*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Richard Eckl, pleaded guilty to sexual abuse in the first degree and was sentenced to three years probation and a $500 fine. Eckl contends the Trial Court erred by denying a motion to dismiss premised upon alleged violations of the statute of limitations and the speedy trial rule. Because we lack authority to hear Eckl's appeal from a guilty plea, the appeal is dismissed.

The right of appeal in criminal cases is conferred upon "any person convicted of a misdemeanor or a felony . . . in

any circuit court of this state" by Arkansas R. Crim. P. 36.1 (1992). The Rule also provides, "Except as provided by Rule 24.3(b) there shall be no appeal from a plea of guilty or nolo contendre [contendere]." Rule 24.3(b) provides:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, to review of an adverse determination of a pretrial motion to suppress evidence. If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Eckl reserved in writing the right to appeal the denial of the pretrial motion to dismiss. The Court, the prosecutor, and the defense counsel all agreed the motion to dismiss would be treated as a motion to suppress under Rule 24.3(b) so as to preserve Eckl's right to appeal.

█ Rule 24.3(b) applies only to adverse rulings on motions to suppress evidence illegally obtained. *See, e.g., Pickett v. State,* 301 Ark. 345, 783 S.W.2d 854 (1990); *Jenkins v. State,* 301 Ark. 20, 781 S.W.2d 461 (1989).

In *Jenkins v. State,* 301 Ark. 586, 786 S.W.2d 566 (1990), Jenkins pleaded nolo contendre to an offense and reserved the right to appeal the denial of a motion to dismiss based upon a speedy trial violation. We refused to address the speedy trial issue because Jenkins had no right to appeal from a plea of nolo contendere. We reached that decision despite the fact that the Trial Court, the prosecutor, and the defense counsel all agreed that Jenkins could enter a conditional plea and reserve his right to appeal the denial of the motion to dismiss.

Eckl contends a guilty plea waives only non-jurisdictional errors, relying on *Garrett v. State,* 296 Ark. 550, 759 S.W.2d 23 (1988), and *Finley v. State,* 295 Ark. 357, 748 S.W.2d 643 (1988). Eckl argues that because the speedy trial and statute of limitations defenses are jurisdictional, they have not been waived by his plea of guilty.

██ It is clear that the right to a speedy trial is waived by a guilty plea. *Kennedy v. State,* 297 Ark. 488, 763 S.W.2d 648 (1989); *Hall v. State,* 281 Ark. 282, 663 S.W.2d 926 (1984). Eckl

is correct, however, in arguing that the statute of limitations is "jurisdictional" in the sense of not being subject to waiver in a criminal case. In *Savage* v. *Hawkins*, 239 Ark. 658, 391 S.W.2d 18 (1965), we wrote:

> Unlike some of the civil statutes of limitation which are waived unless pleaded, this limitation of prosecution statute (§ 43-1602, *supra*) is jurisdictional. Under the express wording of the statute that "No person shall be prosecuted, tried and punished for any felony unless an indictment be found within three years after the commission of the offense," after three years (unless the running of the statute is tolled) a court is without power to try the case.

The jurisdictional nature of the alleged error does not, however, create a basis for direct appeal to this Court. The only possibility for establishing the right of appeal of a judgment of conviction resulting from a guilty plea is pursuant to Rule 24.3(b). As that Rule does not apply in these circumstances, we must dismiss the appeal.

Appeal dismissed.