Dolphus Paul PAYNE *v.* STATE of Arkansas

CA CR 96-867                              937 S.W.2d 160

Supreme Court of Arkansas
Opinion delivered January 13, 1997

*Nelson Edward Peacock*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT L. BROWN, Justice. The Arkansas Court of Appeals has certified to this court the State's motion to dismiss the appeal of appellant Dolphus Paul Payne. The State's motion has merit, and we dismiss the appeal due to Payne's failure to comply with the requirements for review of a conditional guilty plea under Rule 24.3 of the Arkansas Rules of Criminal Procedure.

The facts leading up to the State's motion are these. On July 10, 1995, Payne was charged with DWI in violation of Ark. Code Ann. § 5-65-103 (Repl. 1993), and driving with a suspended or revoked license in violation of Ark. Code Ann. § 5-65-105 (Repl. 1993). The charging information stated that Payne was subject to enhanced punishment under Ark. Code Ann. §§ 5-65-111 & 112 (Repl. 1993), due to four prior DWI convictions. On August 29, 1995, Payne executed a Guilty Plea Statement in which he acknowledged that he was charged with at least a fourth DWI offense and with driving while his license was suspended or revoked. In Payne's Guilty Plea Statement, a handwritten notation was added which read that he was pleading to "D.W.I. only offense unclassified."

In circuit court at the ensuing hearing, the prosecutor proved only three prior DWI convictions. Payne challenged two of those prior convictions on the basis that he had represented himself in the respective guilty pleas and had not been adequately warned by the sentencing court of the dangers of self-representation. The circuit court, however, determined that the waivers were knowingly, intelligently, and voluntarily made and allowed the three

prior DWI convictions into evidence. At the hearing, the prosecutor, circuit court, and defense attorney all appeared to contemplate an appeal on the issue of the validity of the prior DWI convictions. Nevertheless, no specific writing appears in the record reserving the right to appeal.

On April 3, 1996, judgment was entered against Payne, and one finding in the judgment read: "2. That the Defendant waived proof as to the offense of D.W.I. only, and objected to enhancement of this sentence from previous convictions." In the judgment, the circuit court found Payne guilty of DWI, Fourth Offense, and specifically found that the three prior DWI convictions were appropriate for enhancement purposes. The judgment further provided a sentence of two years imprisonment, a fine of $2,500, and a suspension of his driver's license for a period of three years. Payne then filed a timely notice of appeal. The State now seeks to have the appeal dismissed based on the guilty plea and the subsequent judgment and argues that Payne admitted all of the elements of the felony offense by his guilty plea. Thus, according to the State's theory, this court is without jurisdiction to hear the appeal.

In support of its motion, the State points to the fact that this court has previously stated that prior convictions are not merely enhancers but are, rather, elements of the crime for a second, third, or fourth offense of DWI. *See, e.g., Hagar v. City of Fort Smith*, 317 Ark. 209, 877 S.W.2d 908 (1994). Thus, the State urges that this appeal is an attempt by Payne to argue against some, but not all, of the elements to which he pled guilty in contravention of this court's oft-stated position against "piecemeal" criminal appeals. Payne counters that the trial court actually made two determinations: (1) whether his conduct constituted driving while intoxicated per the immediate charge; and (2) whether the offense could be enhanced through the use of prior convictions. He further argues that these two determinations are discrete and that he is appealing only from the circuit court's subsequent use of the previous convictions.

We agree that the appeal must be dismissed for lack of jurisdiction, though for a different reason from that presented by

the State. The general law relating to appeals from guilty pleas is as follows:

> The law is well settled that a defendant ordinarily does not have a right to appeal a guilty plea except as provided in Rule 24.3(b). *See* Ark. R. App. P.—Crim. 1; *Hill v. State*, 318 Ark. 408, 887 S.W.2d 275 (1994). *Scalco v. City of Russellville*, 318 Ark. 65, 883 S.W.2d 813 (1994); *Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993). Appeals from guilty pleas are typically dismissed for lack of jurisdiction. *Scalco v. City of Russellville, supra*. Rule 24.3(b) provides the only procedure for an appeal from a guilty plea. *Eckl v. State, supra*. But if the express terms of Rule 24.3(b) are not complied with, the appellate court acquires no jurisdiction to hear an appeal from a conditional plea. *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Scalco v. City of Russellville, supra*; *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993). Accordingly, this court requires strict compliance with Rule 24.3(b) to convey appellate jurisdiction. *Burress v. State*, 321 Ark. 329, 902 S.W.2d 225 (1995).

*Tabor v. State*, 326 Ark. 51, 55, 930 S.W.2d 319, 321-22 (1996).

■ Rule 24.3 of the Arkansas Rules of Criminal Procedure provides in pertinent part:

> With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty or nolo contendre [contendere], reserving in writing the right, on appeal from the judgment, *to review of an adverse determination of a pretrial motion to suppress evidence.* If the defendant prevails on appeal, he shall be allowed to withdraw his plea.

Ark. R. Crim. P. 24.3(b) (emphasis added). This court has interpreted the highlighted language of Rule 24.3(b) to permit review of conditional guilty pleas solely with respect to adverse rulings on motions to suppress *illegally obtained* evidence. *See, e.g., Eckl v. State*, 312 Ark. 544, 851 S.W.2d 428 (1993)(dismissing appeal containing statute of limitations and speedy-trial arguments); *Pickett v. State*, 301 Ark. 345, 783 S.W.2d 854 (1990); *Jenkins v. State*, 301 Ark. 20, 781 S.W.2d 461 (1989).

Indeed, in *Jenkins v. State, supra*, the defendant was charged with DWI Fourth Offense. He moved *in limine* to suppress the use of prior convictions due to lack of proper waiver of counsel.

The motion was denied, and Jenkins entered a conditional plea of guilty under Rule 24.3 and appealed the trial court's denial of his motion to suppress. This court dismissed that appeal in summary fashion, stating in part:

> Jenkins's motion *in limine* to suppress the use of a prior conviction as evidence is distinguishable from the suppression of evidence contemplated by Rule 24.3(b). A motion to suppress evidence presupposes that the evidence was illegally obtained. Here, we are simply dealing with the admissibility of evidence, rather than "illegally obtained" evidence. For illustrations of illegally obtained evidence, see Ark. R. Cr. P. Rule 16.2.

*Jenkins*, 301 Ark. at 21, 781 S.W.2d at 462 (emphasis in original).

Shortly after our decision in *Jenkins v. State, supra,* this court applied the *Jenkins* principle in a second case. *See Pickett v. State, supra.* In *Pickett,* we again dismissed an appeal from a plea of *nolo contendere* to DWI Third Offense and did so because the appellant was contesting on appeal the admissibility of prior DWI convictions due to ineffective waivers of counsel. We underscored once more that conditional guilty pleas and subsequent review of the court's failure to suppress evidence pertains only to evidence illegally obtained — not to evidence wrongfully admitted.

The distinction emphasized in *Jenkins v. State* and *Pickett v. State* decides the case at bar. The present case similarly involves a plea of guilty to DWI Fourth Offense and an attempt by Payne to appeal the propriety of the circuit court's admission of prior DWI convictions into evidence. Thus, the issue on appeal concerns the admissibility of evidence which in no wise was alleged to have been illegally obtained. Our cases, therefore, make it clear that this appeal should also be dismissed, as it falls outside the ambit of Rule 24.3.

We dismiss this appeal because it does not involve a suppression issue contemplated by Rule 24.3(b). Therefore, we need not address a second area of concern, which is whether the appeal from the conditional guilty plea was reserved in writing, as required by the rule. Suffice it to say that we have held that the reservation-in-writing requirement under the rule must be strictly followed. *See, e.g., Burress v. State,* 321 Ark. 329, 902 S.W.2d 225

(1995); *Bilderback v. State*, 319 Ark. 643, 893 S.W.2d 780 (1995); *Noble v. State*, 314 Ark. 240, 862 S.W.2d 234 (1993).

Appeal dismissed.