Jerry MORROW *v.* STATE of Arkansas

CA CR 00-759                                    41 S.W.3d 819

Court of Appeals of Arkansas
Division III
Opinion delivered March 7, 2001

*Robert S. Blatt,* for appellant.

*Mark Pryor,* Att'y Gen., by: *Jeffrey A. Weber,* Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Jerry Morrow, entered a conditional plea of guilty to the charges of manufacturing a controlled substance and simultaneous possession of drugs and firearms. He was sentenced to nine years in the Arkansas Department of Correction for each offense, with the sentences to run concurrently, and ordered to pay court costs of $150. His sole point on appeal is that the trial court erred in denying his motion to suppress evidence found during the execution of a search warrant for his residence. We affirm.

At the hearing on appellant's motion to suppress, Officer William Kelley of the Fifth Judicial District Drug Task Force testified that on July 31, 1999, he applied for a search warrant for appellant's house based upon information he received from Kathy Lehman, a private citizen. In the affidavit, Kelley stated that he and another officer interviewed Lehman during the first week in July regarding an incident in which appellant had beaten and choked Lehman. During this interview, Lehman expressed her anger toward appellant, and that she wanted to assist in an investigation of his drug activity. Lehman told the officers that appellant had marijuana every time she was at his house, and on one occasion, he had methamphetamine. She also stated that she had been present when appellant had sold marijuana to other individuals, and that she had used methamphetamine on one occasion while at appellant's house. In the affidavit, Officer Kelley wrote that he "instructed Lehman to attempt to make amends with Morrow in an attempt to have her witness his possession and dealing of marijuana."

On July 26, July 28, and July 30, 1999, Lehman went to appellant's house, where she looked in a "collection box" and observed quantities of marijuana, a hand scale, seeds, and marijuana roaches. She also observed persons smoking marijuana, including appellant, and she witnessed appellant's sale of marijuana to at least two persons. Furthermore, information she relayed about the manner in which appellant transported the marijuana corroborated independently-gained information contained in the drug task force's intelligence files. Based upon Lehman's information, Officer Kelley sought and received a search warrant for appellant's house. The search yielded, among other things, marijuana plants, a bag of green, leafy substance, and two guns.

■ When reviewing the trial court's denial of a motion to suppress, the appellate courts make an independent determination based on the totality of the circumstances and reverse only if the trial court's ruling was clearly against the preponderance of the evidence. *Embry v. State*, 70 Ark. App. 122, 15 S.W.3d 367 (2000). On appeal, appellant contends that the trial court erred in denying his motion to suppress because Lehman was acting as an agent of the State when she observed the activity that formed the basis for the search warrant. He bases this argument on the fact that in the affidavit, Officer Kelley stated that he "instructed" Lehman to make amends with Morrow so that she could witness his drug trafficking.

■■ The Fourth Amendment's prohibition against unreasonable searches and seizures does not apply to searches conducted by

private citizens. *Norton v. State*, 307 Ark. 336, 820 S.W.2d 272 (1991). Only when it is established that the private individual acted at the direction of a law enforcement agency or officer can he or she be considered an arm of the government. *Parette v. State*, 301 Ark. 607, 786 S.W.2d 817 (1990). If a search and seizure is instigated or encouraged by the police, Fourth Amendment constraints are applicable, "as the construction to be attached to the Fourth Amendment does not permit of evasion by circuitous means." *Smith v. State*, 267 Ark. 1138, 1140, 594 S.W.2d 255, 256 (Ark. App. 1980) (citing *People v. Evans*, 49 Cal. Rep. 501 (1966)).

In support of his argument, appellant attempts to distinguish his case from *Collins v. State,* 9 Ark. App. 23, 658 S.W.2d 881 (1983) *rev'd on other grounds, Collins v. State,* 280 Ark. 453, 658 S.W.2d 877 (1983). In that case, an informant told a deputy sheriff that he knew appellants had possessed marijuana plants; however, too much time had passed between the time the informant learned of this information and when he told the deputy. The informant was told that the sheriff's office could not act on the information unless the marijuana plants were still in appellants' possession. The informant returned approximately one week later and told the deputy that the plants were still in appellants' house. Based on this information, a search warrant was obtained, and appellants were convicted of the manufacture of controlled substances. This court affirmed the denial of appellants' motion to suppress, holding that the informant was acting as a private citizen and not an agent of the State when he observed the marijuana plants for the second time.

Appellant contends that his case is distinguishable from *Collins* because while the officer in *Collins* did not give any instructions to the informant, in his case, Officer Kelley "instructed" Lehman to make amends with him so she could witness his drug dealing. We do not find this argument persuasive.

We believe that the facts of the instant case are more analogous to *Smith v. State*, 267 Ark. 1138, 594 S.W.2d 255 (Ark. App. 1980). In that case, a grocery store was broken into, and a deputy gave the store owner names of several possible suspects, including the name of appellant. The owner was "instructed to call the sheriff's office if he discovered any leads or heard anything." The owner undertook his own investigation, setting up surveillance of appellant's trailer, and he caught appellant moving items taken from the grocery store out of his trailer and placing them in a car parked in his driveway. In rejecting appellant's argument that the search was instigated at the suggestion of the deputy, this court noted that the deputy did not

accompany the store owner in the surveillance of appellant's trailer and was not involved in any of the activities at the trailer; rather, the totality of the deputy's role in the events was "to instruct Mason [the store owner] to get back in touch with him if he had any leads or heard anything."

■ In the present case, although Officer Kelley used the word "instructed," he did not provide Lehman with instructions about how to gather any information about appellant's drug activities, he did not tell her to search appellant's house, nor was he present when Lehman obtained the information used in the affidavit for the search warrant. Merely because the word "instructed" was used in the search warrant did not make Lehman an agent of the government. Based upon the totality of the circumstances, we cannot say that the trial court's denial of appellant's motion to suppress was clearly against the preponderance of the evidence.

Affirmed.

JENNINGS and NEAL, JJ., agree.