Mark TAUBER *v.* STATE of Arkansas

CR 95-1070                                    919 S.W.2d 196

Supreme Court of Arkansas
Opinion delivered April 1, 1996

*Price Law Firm*, by: *Robert J. Price* , for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Mark Tauber was stopped by State Trooper Cary Lovaas for driving 66 miles per hour in a 55-miles-per-hour zone. Trooper Lovaas smelled alcohol and administered field sobriety tests, all of which Mr. Tauber failed. He took Mr. Tauber to the Boone County Law Enforcement Center where Mr. Tauber registered .131 on the breathalyzer. Mr. Tauber was convicted by the Harrison Municipal Court of speeding and of driving while intoxicated (DWI), first offense, which is a misdemeanor. Ark. Code Ann. § 5-65-118(d)(2) (Repl. 1993).

Mr. Tauber appealed to Boone Circuit Court where he did not contest his speeding conviction and was again convicted of DWI, first offense, after a trial by jury. He was sentenced to one day in jail and given credit for one day served, fined $150.00 for DWI (to be added to a $55.00 fine for speeding), his driver's license was suspended for 90 days, and he was "requested to attend DWI school."

Mr. Tauber contends it was error for the Trial Court to have refused to bifurcate his trial into separate guilt-determination and sentencing phases. We hold he has demonstrated no prejudice as a result of that ruling. He also argues the Trial Court erred in refusing

to admit the testimony of his expert witness with respect to field sobriety tests. We decline to consider the point as there was no proffer of the witness's testimony. Lastly, he contends it was error not to require the jury to announce in its verdict whether he was guilty of DWI as a result of having more than .10% blood alcohol or as a result of other evidence that he was "intoxicated." Again, we hold that, to the extent there may have been error, no prejudice has been demonstrated, thus we affirm.

### 1. Bifurcation

Mr. Tauber concedes there is no statutory authority requiring or authorizing the bifurcation of a trial of a misdemeanor. He contends, however, that his Fourteenth Amendment right to equal protection of the laws was violated because trials involving felony offenses are bifurcated in accordance with Ark. Code Ann. § 16-97-101 (Supp. 1995), and those accused of misdemeanors constitute a class entitled to the same treatment.

We need only point out that Mr. Tauber has not identified any decision to introduce or withhold evidence he might have made differently had the trial been bifurcated. As the State points out, Mr. Tauber could have suffered no sentencing prejudice as he received only the required minimum sentence for DWI, first offense. Ark. Code Ann. §§ 5-65-112 through 5-65-115 (Repl. 1993). To have standing to attack the constitutionality of a statute, the appellant must show that the questioned statute had a prejudicial impact on him. *Montgomery* v. *State*, 277 Ark. 95, 640 S.W.2d 108 (1982); *Sumlin* v. *State,* 266 Ark. 709, 587 S.W.2d 571 (1979). If the Trial Court erred by failure to bifurcate the trial, it was harmless error beyond a reasonable doubt.

### 2. Expert testimony

Mr. Tauber presented Dr. Roger Hawk as an expert on infra-red spectroscopy and on field sobriety tests. He was allowed to testify at length about his opinion as to the failings of the Datamaster 2000 breathalyzer machine which was ultimately used to determine Mr. Tauber's blood-alcohol content. When it came, however, to offering his testimony on field sobriety testing, the Trial Court refused his qualification as an expert.

We have no way of knowing whether Mr. Tauber was prejudiced by this ruling because Dr. Hawk's testimony with respect

to field sobriety testing was not proffered. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so we can review the decision, unless the substance of the evidence is apparent from the context. Ark. R. Evid. 103(a)(2); *Wade v. Grace,* 321 Ark. 482, 902 S.W.2d 785 (1995); *Davis v. State,* 319 Ark. 460, 892 S.W.2d 472 (1995).

### 3. Verdict form

Arkansas Code Ann. § 5-65-103 reads as follows:

Unlawful acts.

(a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.

(b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

The jury verdict was as follows:

We, the jury, find the defendant guilty and sentence him to one day in the Boone County Jail and to pay a fine of $150 dollars.

Mr. Tauber contends it was error for the Trial Court to refuse his request that the jury be instructed to return separate verdicts as to subsections (a) and (b) of § 5-65-103 and for refusing two verdict forms which he proffered. One of the forms he proffered could have been used by the jury to declare him guilty of § 5-65-103(a), and the other of § 5-65-103(b).

The State argues we should affirm on this point because Mr. Tauber's abstract does not contain the form given to the jury by the Trial Court. While we cannot find any verdict form given to the jury, we assume the jury's verdict, quoted above, followed the form, if any, given to it by the Trial Court.

In *Yacono v. State,* 285 Ark. 130, 685 S.W.2d 500 (1985),

Yacono was charged with driving while intoxicated pursuant to § 5-65-103(a). Evidence of a breathalyzer test showing his blood alcohol content to have been more than .10% was introduced. The issue on appeal was relevancy of that evidence. We held that the breathalyzer evidence tended to prove intoxication and was thus relevant. In the course of reaching that decision, however, we uttered this *obiter dictum:*

> When a person operates or controls a vehicle while intoxicated (as a result of the ingestion of alcohol or drugs or both) or with a blood alcohol content of 0.10% or more, he violates Act 549. The penalty is the same whether the act is violated by conduct described by (a) or (b). In other words, the two conditions are simply two different ways of proving a single violation.

We have followed that statement since, most recently in *Stephen* v. *State,* 320 Ark. 426, 898 S.W.2d 435 (1995), where we held a DWI conviction was not dependent upon evidence of blood-alcohol content in view of sufficient other evidence of intoxication.

Mr. Tauber correctly cites *Peters* v. *State,* 286 Ark. 421, 692 S.W.2d 243 (1985), for the proposition that the State must prove each element of an offense, but his only argument that he was prejudiced by the Trial Court's refusal to instruct the jury to announce whether he was found guilty pursuant to subsection (a) or subsection (b) of § 5-65-103 is as follows:

> Since it is impossible to determine upon which count the Appellant was convicted, a retrial would put him twice in jeopardy of the same offense, in violation of Article 2, Section 8, of the Arkansas Constitution and the Fifth Amendment to the United States Constitution. Appellant therefore respectfully prays for a dismissal of both counts, and the Court should so order.

Mr. Tauber was not charged with separate "counts." He was convicted in the Municipal Court of violation of § 5-65-103 without further specification. The record of that conviction was brought to the Circuit Court where it was tried *de novo,* and it was again tried as a general violation of § 5-65-103. Nor is there to be any retrial in this case; thus the former-jeopardy specter does not appear.

We have no doubt Mr. Tauber would not have been

found guilty had 12 jurors not found that he violated either subsection (a) or subsection (b) of § 5-65-103. We have not been required to answer directly the question whether a jury must focus on one or the other or both of the subsections of § 5-65-103 and announce one or the other or both as the basis of a guilty verdict. In view of Mr. Tauber's failure to demonstrate any prejudice resulting to him from the failure to submit the two verdict forms, we need not answer that question now.

Affirmed.