STATE of Arkansas *v.* John L. JOHNSON, Jr.

CR 95-1119                                              931 S.W.2d 760

Supreme Court of Arkansas
Opinion delivered October 7, 1996

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellant.

*Appellee*, pro se.

BRADLEY D. JESSON, Chief Justice. The appellee, John L. Johnson Jr., was charged by misdemeanor information in circuit court with driving while intoxicated, first offense, operating a motor vehicle without a driver's license, making an illegal turn, disorderly conduct, and no proof of liability insurance. At trial, the State elected to proceed only on the DWI charge. The case never reached the jury because, at the close of the State's case, the trial court directed a verdict in appellee's favor. The State has filed this appeal, asserting that the trial court erred in granting the directed verdict and in disallowing its proof of appellee's intoxication by ingestion of a controlled substance.

■    We must first decide whether this appeal is properly before us. The State claims that the correction of the trial court's error in this case is essential to the administration of the criminal law. *See* Ark. R. App. P. — Crim. 3(c). Because we conclude that the trial court erroneously weighed the credibility of the State's evidence instead of determining the sufficiency of the evidence and refused to consider intoxication under Ark. Code Ann. § 5-65-103(a) (Repl. 1993), we hold that the State is permitted to appeal this case. *See State* v. *Long*, 311 Ark. 248, 844 S.W.2d 302 (1992); *State* v. *Taylor*, 180 Ark. 588, 22 S.W.2d 34 (1929).

The State's case against appellee included the following evidence. At approximately midnight on August 25, 1994, appellee was stopped by Russellville Police Patrolman William Ridenhour

for failing to activate his turn signal when making a right turn. Ridenhour approached appellee's vehicle and observed that he was eating a taco from Taco Bell. When appellee finished the taco and began talking, Ridenhour noticed that his speech was slurred. The officer told appellee that he thought he had been drinking, to which appellee replied that he had been on the lake and had "had a few." Ridenhour further observed that appellee's eyes were extremely red and glossy. Officer Stewart Condley, who was riding with Ridenhour, also noticed appellee's slurred speech and glassy red eyes.

Ridenhour asked appellee to exit the vehicle for purposes of conducting field sobriety tests. Appellee, a local attorney, explained that he was taking his passenger and legal secretary, Terri Nail, to her apartment. As appellee became argumentative, Ridenhour smelled an odor of an intoxicant on his person. He began conducting the horizontal gaze and nystagmus test, but appellee refused to cooperate. The officer placed appellee under arrest and transported him to a local hospital, where he submitted to a blood test. While the result of the test indicated the presence of .06 percent of alcohol in appellee's blood, both officers testified that there was "no doubt" in their minds that appellee was intoxicated.

In granting appellee's motion for directed verdict at the close of the State's case, the trial court commented that appellee's .06 percent blood-alcohol content was "terribly low" and observed that there were no field sobriety tests given at the time of the stop. While the trial court made mention of the "subjective" observations of the officers, it concluded that the low blood-alcohol level and the absence of "objective" tests mandated granting a directed verdict in appellee's favor.

We have reviewed the distinction between the credibility and sufficiency of the evidence as follows:

> [A] conviction rests upon insufficient evidence when, even after viewing the evidence in the light most favorable to the prosecution, no rational factfinder could have found the defendant guilty beyond a reasonable doubt. A reversal based on the weight of the evidence, on the other hand, draws the appellate court into questions of credibility. The "weight of the evidence" refers to "a determination [by] the trier of fact that a greater amount of credible evidence supports one side

of an issue or cause than the other."

*State* v. *Long,* 311 Ark. at 250-251, 844 S.W.2d at 304; *citing Tibbs* v. *Florida,* 457 U.S. 31, 37-38 (1982) (*quoting Tibbs* v. *State,* 397 So.2d 1120 (1981)). Stated another way, a directed verdict is given in cases only where no issue of fact exists. *Smith* v. *State,* 302 Ark. 459, 790 S.W.2d 432 (1990).

■■ Officers Ridenhour and Condley both testified there was no doubt in their minds that appellee was intoxicated. Opinion testimony regarding intoxication is admissible. *Long* v. *State,* 284 Ark. 21, 680 S.W.2d 686 (1984). The officers further observed appellee's slurred speech and red and glassy eyes. Particularly, Officer Ridenhour smelled an odor of an intoxicant on appellee, who admitted to him that he had "had a few." These observations constitute competent evidence supporting the DWI charge. *Gavin* v. *State,* 309 Ark. 158, 827 S.W.2d 161 (1992). While the trial court emphasized that the officers' observations were "subjective" evidence, it was the province of the jury to determine the weight and credibility of this evidence. *State* v. *Long, supra; Jones* v. *State,* 305 Ark. 95, 805 S.W.2d 642 (1991).

■■ The trial court was also concerned with the fact that appellee's blood-alcohol content was .06 percent. However, we have said that a DWI conviction is not dependent upon evidence of blood-alcohol content in view of sufficient other evidence of intoxication. *Tauber* v. *State,* 324 Ark. 47, 919 S.W.2d 196 (1996). This is so because our legislature has provided that there are two different ways of proving a DWI violation. *See* Ark. Code Ann. § 5-65-103 (a) and (b). A person can be found guilty of the offense if he or she (1) operates a motor vehicle while intoxicated; or (2) operates a motor vehicle while having a blood-alcohol content of .10 percent or more. *Tauber* v. *State, supra.* Moreover, Ark. Code Ann. § 5-65-206(a)(2) (Repl. 1993) provides that if there was at the time in excess of one-twentieth of one percent (.05%) but less than one-tenth of one-percent (.10%) by weight of alcohol in the defendant's blood, this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant. In describing appellee's .06 percent blood-alcohol content as "terribly low," the trial court again invaded the jury's province, as the jury should have been permitted to consider this evidence. In light of this competent evidence and the testimony of the officers, we cannot agree that there was no issue of fact for the jury to decide. Under

these circumstances, we hold that the trial court erred in directing a verdict in appellee's favor.

■ The State's remaining assignment of error pertains to the trial court's pretrial ruling that the State would not be allowed to offer evidence that appellee's intoxication occurred as a result of his ingesting a controlled substance. Citing A.R.E. 103 (a)(2), the appellee maintains that this issue is not preserved because the State failed to proffer the evidence it claims was erroneously excluded. However, we have held that A.R.E. 103(a)(2) does not apply to hearings limited to the construction of statutes as a matter of law. *State* v. *Gray*, 322 Ark. 301, 908 S.W.2d 642 (1995). Because the trial court ruled as a matter of law that evidence of a controlled substance could not be admitted to prove DWI unless the information specifically alleged intoxication by a controlled substance, we conclude that no proffer was required.

■ In this case, the information charged appellee with DWI by specifying the statute number, Ark. Code Ann. § 5-65-103, and stating as follows:

> The defendant on or about the 25TH day of August 1994 in the City of Russellville, Arkansas, did
>
> I.
>
> knowingly, willingly and unlawfully, operate a motor vehicle while intoxicated and/or operate a motor vehicle when there was 0.10% or more by weight of alcohol in his blood as determined by a chemical test on his blood, urine, breath or other bodily substance in the second offense, the same constituting a misdemeanor offense, against the peace and dignity of the State of Arkansas.

An information is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense. *Purifoy* v. *State*, 307 Ark. 482, 822 S.W.2d 374 (1991). Though the information in appellee's case did not specify whether he was charged under subsection (a) or (b) of § 5-65-103, we have held that a charge of "DWI one" is sufficient for a conviction under either subsection, even though the evidentiary requirements of the subsections are different. *Wilson* v. *State*, 285 Ark. 257, 685 S.W.2d 811 (1985). The term "intoxicated" as used in the DWI offense includes being

"influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof." *See* Ark. Code Ann. § 5-65-102 (1)(Repl. 1994). *See also Thornton* v. *State*, 317 Ark. 626, 883 S.W.2d 453 (1994) ("A person of ordinary intelligence knows that the use of a substance tending to put him or her in the condition described in § 5-65-102(1) constitutes use of an 'intoxicant' and that being in control of a motor vehicle shortly thereafter may violate the law."). Moreover, appellee did not request a bill of particulars. Because we conclude that the allegations in the information were sufficient to apprise appellee of the crime with which he was charged, we hold that the trial court erred in ruling as a matter of law that the State could not produce evidence of intoxication by ingestion of a controlled substance unless the information specifically alleged this method of intoxication.

The State asks that we declare error of the trial court, thus acknowledging that, due to the trial court's directing a verdict in appellee's favor, his double-jeopardy rights prevent a retrial. *See State* v. *Long, supra.*

Error declared.

NEWBERN, J., not participating.