James HUNTER *v.* STATE of Arkansas

CA CR 97-1092                              970 S.W.2d 323

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 24, 1998

*Mike Connealy Marshall*, for appellant.

*Winston Bryant*, Att'y Gen., by: *David R. Raupp*, Asst. Att'y Gen., for appellee.

TERRY CRABTREE, Judge. Appellant James Hunter was convicted by a jury of driving while intoxicated, possession of a controlled substance, and resisting arrest. He was thereafter sentenced to a total of three years in the Mississippi County Detention Center. Appellant now appeals, raising three points for reversal. We affirm.

The events that led to appellant's convictions occurred on October 5, 1995, when Blytheville police officer Danny Lackey was ordered to investigate a complaint about a pickup truck blocking the entrance to an apartment complex. When Officer Lackey arrived, he found appellant sitting in the truck with the engine running. As the officer approached, appellant turned off the truck, exited, and began cursing the officer. Appellant then removed a small off-white item about the size of a pencil eraser from his pocket and put it in his mouth. Officer Lackey testified

that the substance resembled a piece of crack cocaine. The officer told appellant to spit it out, but appellant refused and the two began to struggle. The officer testified that he could smell intoxicants on appellant's breath during the altercation.

After subduing and handcuffing appellant, Officer Lackey picked him up and saw a bag of what he thought was marijuana lying on the ground underneath appellant. The unidentified off-white substance that appellant had ingested was not recovered. Appellant was arrested for driving while intoxicated, refusing a breath test, possession of a controlled substance (marijuana), and resisting arrest.

Before trial, appellant's counsel moved to suppress Officer Lackey's testimony about appellant ingesting the off-white substance because (1) there was no evidence that the substance was an illegal drug, (2) it would be prejudicial to admit the testimony, and (3) the officer did not have probable cause to search or arrest appellant when the officer attempted to retrieve the substance. The trial court denied that motion because appellant's action of ingesting the substance was part of the *res gestae*, and without the testimony the jury would not understand why the officer and appellant had struggled.

During the trial, there was an objection regarding the chain-of-custody of the bag of green, leafy material found under appellant. Neither the bag nor any other physical evidence was presented, but the trial court admitted a property receipt and a crime lab report that indicated that the bag had contained marijuana when it was recovered and tested. After the jury returned guilty verdicts on the DWI, resisting arrest, and possession charges, the trial court ruled that the possession of marijuana charge should not have gone to the jury because of the chain-of-custody issue. The court, therefore, granted appellant's motion for a directed verdict with respect to the possession charge. However, the court stated that the initial evidentiary ruling had been correct.

■ Appellant first argues that the trial court erred in allowing Officer Lackey to testify about seeing appellant ingest the unidentified off-white substance. The trial court allowed the testimony as *res gestae* so the jury would have a full understanding of

the sequence of events and why the scuffle ensued. In reviewing a trial court's denial of a motion to suppress, this court makes an independent determination based upon the totality of the circumstances and reverses only if the ruling is clearly against the preponderance of the evidence. *Stewart v. State*, 59 Ark. App. 77, 953 S.W.2d 599 (1997).

■■ The trial court did not err in admitting the testimony as *res gestae*. Appellant was tried for possession of a bag of marijuana. That bag fell out of appellant's clothing during the struggle with Officer Lackey. Without testimony as to why the officer struggled with appellant, the jury would have been left with significant unresolved questions. Moreover, appellant was tried for resisting arrest. All of the circumstances of a particular crime (here, resisting arrest) are part of the *res gestae* of the crime, and all of the circumstances connected with a particular crime may be shown to put the jury in possession of the entire transaction. *Harper v. State*, 17 Ark. App. 237, 707 S.W.2d 332 (1986).

> *Res gestae* are the surrounding facts of a transaction, explanatory of an act, or showing a motive for acting. They are proper to be submitted to a jury, provided they can be established by competent means, sanctioned by law, and afford any fair presumption or inference as to the question in dispute . . . . [C]ircumstances and declarations which were contemporaneous with the main fact under consideration or so nearly related to it as to illustrate its character and the state of mind, sentiments or dispositions of the actors are parts of the *res gestae*.

*Id.* at 241, 707 S.W.2d at 334. There was no error in admitting the testimony as *res gestae*.

■ Appellant also argues that the testimony should have been suppressed because Officer Lackey had no probable cause to seize appellant after seeing him ingest the off-white substance. Appellant contends that the officer had no reasonable suspicion of any crime, and that the officer began conducting an illegal search when he exerted force upon appellant.

In *Brunson v. State*, our supreme court stated:

> The same standards govern reasonable cause or probable cause determinations, regardless of whether the question is the

validity of an arrest or the validity of a search and seizure. The determination of probable cause is to be based on the factual and practical considerations of everyday life upon which reasonable and prudent persons act. In assessing the existence of probable cause, our review is liberal rather than strict. (Citations omitted.)

327 Ark. 567, 571, 940 S.W.2d 440, 441 (1997).

■ Rule 3.1 of the Rules of Criminal Procedure provides that a law enforcement officer lawfully present in any place may stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit a felony, if such action is reasonably necessary to determine the lawfulness of his conduct. A reasonable suspicion is one based on facts or circumstances which of themselves do not give rise to the probable cause requisite to justify a lawful arrest, but which give rise to more than a bare suspicion; that is, a suspicion that is reasonable as opposed to an imaginary or purely conjectural suspicion. Ark. R. Crim. P. 2.

■ Officer Lackey testified that as he approached appellant to ask why he was blocking the driveway, appellant "jumped out of the vehicle and started using profanity and I could smell the odor of intoxicants. That's when he reached in his pocket and put the object in his mouth and that's when the scuffle occurred." The officer stated that the substance was an off-white object like a yellowish piece of gravel, that it was clearly not gum, and that "[b]eing the narcotics dog handler, I see a lot of that all the time. I could see his hand when he did it. It was not wrapped in anything, it was loose." Based on the factual and practical considerations of everyday life upon which reasonable and prudent persons act, *Brunson, supra*, Officer Lackey had a sufficiently reasonable suspicion to approach appellant to determine whether the substance was an illegal drug. Additionally, whatever seizure occurred after the fight began was a proper physical restraint to arrest appellant for resisting arrest. *See* Ark. R. Crim. P. 3.3; 4.1. Therefore, the trial court did not err in refusing to suppress the officer's testimony based on an argument that the search or seizure was illegal.

■ ■ Appellant also argues that it was error to admit evidence that the bagged substance found under his body was mari-

juana. After addressing chain-of-custody problems, the trial court admitted two reports indicating that the substance was marijuana. There was no physical evidence admitted, and appellant argues that while minor chain-of-custody discrepancies are for the trial court to weigh, there should have been *some* physical evidence presented at trial. This argument is without merit. We will not reverse an evidentiary ruling absent a showing of prejudice. *Turner v. State*, 59 Ark. App. 249, 956 S.W.2d 870 (1997). In the present case, the trial court reversed its decision to admit the marijuana evidence and directed a verdict in appellant's favor on the possession charge. Appellant thus suffered no real prejudice as a result of the marijuana evidence.

Appellant's second point on appeal is that the trial court erred in denying a motion for a mistrial. As stated, no physical evidence of marijuana was presented at trial. The only evidence concerning marijuana was a signed property receipt, indicating that Officer Lackey deposited the bag in the evidence locker, and a crime lab report that indicated the substance was indeed marijuana. After the trial court admitted these two exhibits, the following exchange took place:

> APPELLANT'S COUNSEL:   I would like to move for a mistrial on the basis that they have lost the evidence in this case and any mention of marijuana is tainting the rest of the trial.
>
> THE COURT:   I am going to deny the motion. I think that goes to the weight and I think the jury will take care of that situation.

There was no error in denying appellant's motion. Declaration of a mistrial is a drastic remedy and is proper only when the error is beyond repair. *Warren v. State*, 59 Ark. App. 155, 954 S.W.2d 298 (1997). In addition, the granting of a mistrial is within the sound discretion of the trial court, and the exercise of that discretion will not be disturbed on appeal absent a showing of abuse. *Id*.

At the time the motion for mistrial was made, the possession charge was still before the jury. Appellant's argument that the marijuana evidence tainted the trial is therefore unpersuasive. While it is true that the trial court directed a verdict in appellant's favor on the possession charge after the jury had

returned a guilty verdict, the court's ruling on the motion for mistrial was proper. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are, therefore, matters for the factfinder to resolve. *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992). Accordingly, when there is evidence of a defendant's guilt, it is for the jury as factfinder to resolve any conflicts and inconsistencies. *Marts v. State*, 332 Ark. 628, 968 S.W.2d 41 (1998). There was no abuse of discretion is denying appellant's motion.

ROBBINS, C.J., · PITTMAN, JENNINGS, and STROUD, JJ., agree.

GRIFFEN, J., dissents.

WENDELL L. GRIFFEN, Judge, dissenting. In reliance on *McCoy v. State*, 270 Ark. 145, 603 S.W.2d 418 (1980), I respectfully dissent from the majority's decision affirming the trial court's denial of appellant's motion to suppress evidence that he ingested crack cocaine prior to his arrest. Appellant was not charged with possession of cocaine. There was no proof that appellant ingested cocaine. It was highly prejudicial, therefore, that Officer Lackey was allowed to speculate at trial that he thought appellant ingested cocaine. Officer Lackey admitted that he had no idea what the object was that appellant placed in his mouth, and that he had no personal knowledge that appellant actually ingested an illegal substance. The prejudicial impact of the officer's testimony substantially outweighed its probative value. As a result, appellant has been sentenced to three years' imprisonment for resisting arrest and driving while intoxicated under a cloud of speculative, prejudicial testimony. I dissent.