Harold STIVERS *v.* STATE of Arkansas

CA CR 98-472                      978 S.W.2d 749

Court of Appeals of Arkansas
Division III
Opinion delivered November 18, 1998

*William C. McArthur*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Pam Epperson*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Arkansas Supreme Court under the Supervision of *Kelly K. Hill*, Deputy Att'y Gen., for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Harold Stivers was convicted in a bench trial of fourth-offense DWI and fifth-offense DWI. He was thereafter sentenced to two three-year prison sentences, with the sentences to run concurrently. Mr. Stivers now appeals, arguing that there was insufficient evidence to support his convictions. In addition, he contends that the purported judgments offered by the State to prove prior offenses were improperly admitted into evidence by the trial court. We agree

that the conviction for fourth-offense DWI must be reversed, but affirm the fifth-offense DWI conviction as modified.

■ ■     When an appellant challenges the sufficiency of the evidence, we review the sufficiency argument prior to a review of any alleged trial errors. *Lukach v. State*, 310 Ark. 119, 835 S.W.2d 852 (1992). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Lukach v. State, supra.* In determining the sufficiency of the evidence, we review the proof in the light most favorable to the appellee, considering only that evidence which tends to support the verdict. *Brown v. State*, 309 Ark. 503, 832 S.W.2d 477 (1992).

Officer Chris Jarvis testified that he was dispatched to the scene of an accident on the afternoon of January 5, 1996. Upon his arrival, Officer Jarvis observed a pickup truck that had collided with a tree, and Mr. Stivers was seated in the driver's seat and slumped over into the passenger's seat. The keys were in the ignition, and the motor was still running. Mr. Stivers had suffered injuries, and he was transported by ambulance to the hospital.

According to Officer Jarvis, Mr. Stivers appeared to be very sleepy at the scene of the accident and was unresponsive. In addition, he observed a strong smell of alcohol emitting from Mr. Stivers's person. Officer Jarvis indicated that the road conditions were good at the time of the accident, and that no sobriety tests were conducted because Mr. Stivers was almost unconscious.

Officer Denise Allred was also at the scene of the accident on January 5, 1996. She, too, noticed a strong, alcoholic smell. Officer Allred stated that a blood sample was taken and she transported it to the State Crime Lab. The prosecution did not offer the test results into evidence.

Officer John Como testified next, and he stated that he was called to investigate an accident on March 14, 1996. Upon arriving at the scene, he saw a pickup truck that had apparently hit a

retaining wall and stopped by a tree. Mr. Stivers, who was sitting by the truck receiving medical attention, told Officer Como that he had just come from Cash McCool's, that he had been driving, and that he wanted to go home. Mr. Stivers's speech was slurred, his eyes were glassy, and he seemed confused. According to Officer Como, Mr. Stivers could hardly stand, so no sobriety tests were performed. He also smelled strongly of alcohol, and was arrested for DWI and transported to the police station.

While at the police station, Mr. Stivers was advised of his rights but "was too drunk to sign" the rights form. A breathalyzer test was attempted, but even after several attempts a reading did not register on the machine.

For his first argument on appeal, Mr. Stivers contends that neither of his DWI convictions were supported by substantial evidence. Arkansas Code Annotated section 5-65-103(a) (Repl. 1997) provides that it is unlawful for an intoxicated person to be in the actual physical control of a motor vehicle, and "intoxicated" is defined by Ark. Code Ann. § 5-65-102(1) (Repl. 1997) as follows:

> "Intoxicated" means influenced or affected by the ingestion of alcohol, a controlled substance, any intoxicant, or any combination thereof, to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself and other motorists or pedestrians[.]

Regarding his first conviction, Mr. Stivers argues that there was insufficient evidence of intoxication. Specifically, he asserts that the only evidence of intoxication was the fact that he smelled strongly of alcohol, and he attributes his unresponsiveness to injuries suffered in the accident. With regard to the other conviction, he concedes that there was evidence of intoxication, but argues that there was insufficient evidence that he ever exercised control of the truck because there were no witnesses to the accident and there was no evidence that the keys were either found in the ignition or on his person.

██ ██ Testimony regarding the first conviction established that Mr. Stivers was involved in a one-car accident and his truck,

still running, had come to a stop about thirty-five feet off the road. Although the accident occurred in the daytime and in the absence of any adverse driving conditions, there are many reasonable explanations other than intoxication for someone to have a one-car accident. We acknowledge that circumstantial evidence may constitute substantial evidence to support a conviction, but this is only true when the circumstantial evidence rules out every other reasonable hypothesis but the guilt of the accused. *Wetherington v. State*, 319 Ark. 37, 889 S.W.2d 34 (1994). The investigating officers testified that appellant was unresponsive, and seemed sleepy to the point of near unconsciousness. However, they also testified that appellant was injured and was taken by ambulance to the hospital. Thus, it is reasonable to infer that his injuries, and not intoxication, could have caused his impaired response. Considering this evidence in the light most favorable to the State, the only evidence that would tend to support appellant's conviction is the fact of the accident and the odor of intoxicants. This, without more, is not substantial evidence of intoxication. Consequently, appellant's conviction for fourth-offense DWI arising out of the January 5, 1996, accident must be reversed.

■ As for the second conviction arising out of the March 14, 1996, accident, Mr. Stivers was found sitting directly outside the open driver's side door to a truck registered in his name, no other persons were present, and he admitted that he had been driving. This sufficiently established that Mr. Stivers was in control of the vehicle at a time when he was intoxicated.

Mr. Stivers's remaining argument is that the trial court improperly admitted purported judgments of his prior DWI offenses. At the close of the State's case, the prosecuting attorney offered into evidence exhibits 2, 3, 4, and 5, which were represented to be judgments from Little Rock Municipal Court reflecting prior DWI convictions. They were signed and dated by the municipal judge, and on the back of each exhibit was a stamped certificate of authenticity from Pulaski County Circuit Court. Mr. Stivers objected to the introduction of the exhibits because they were not certified by the municipal clerk or file marked, and the trial court sustained the objection but allowed the State a brief continuance. About an hour later, the trial resumed and the State

sought to introduce exhibits 6, 7, 8, and 9. The face of these exhibits were the same as 2, 3, 4, and 5, except that each document now bore the following certification:

> I certify that this is a true and correct copy of the Judgment rendered on the above date by this court against this defendant.
>
> <u>signed S. Johnson</u>
>
> Sue Brooks, Court Clerk
>
> <u>10-6-97</u>
>
> Date

Mr. Stivers again objected to the admissibility of the documents, but they were received by the trial court.

For reversal on this issue, Mr. Stivers contends that the documents were not authentic, and he cites three rules of the Arkansas Rules of Evidence, which are as follows:

> *Rule 901. Requirement of authentication or identifcation [identification].* — (a) General Provision. The requirement of authentication or identification as a condition precedent to admissiblity [admissibility] is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication of identification conforming with the requirements of this rule:
>
> . . . .
>
> (7) Public records or reports. Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.
>
> . . . .
>
> *Rule 902. Self-authentication.* — Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . . .
>
> (4) Certified copies of public records. A copy of an official record or report or entry therein, or a document authorized by law to be recorded or filed and actually recorded or filed in a

public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3), or complying with any law of the United States or of this State.

. . . .

*Rule 1005. Public records.* — The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, certified as correct in accordance with Rule 902 or testified to be correct by a witness who has compared it with the original. If a copy complying with the foregoing cannot be obtained by the exercise of reasonable diligence, other evidence of the contents may be admitted.

■ We find Mr. Stivers's final contention to be without merit. The above rules of evidence describe circumstances under which a document may be properly admitted into evidence, but they are not exhaustive. Indeed, Rule 901(b) specifically states that the examples of authentication are illustrative and not limiting. In the instant case, the trial court was satisfied that the evidence introduced was what it was purported to be, and we find no error in this decision given that the judgments were signed and dated by the municipal judge and were certified copies. Although Mr. Stivers now argues that the certification was invalid because the signature did not match the clerk's name and the certification date was the same as the date of trial, these arguments were not specifically raised at trial, and he further fails to cite authority to suggest that these factors invalidate the certification. A trial court has wide discretion in evidentiary determinations, *Utley v. State,* 308 Ark. 622, 826 S.W.2d 268 (1992), and finding no abuse of that discretion, we affirm the trial court's admission of the disputed exhibits.

The conviction for fourth-offense DWI arising out of the January 5, 1996, accident is reversed and dismissed. The conviction for fifth-offense DWI arising out of the March 14, 1996, accident is modified to fourth-offense DWI and is affirmed as modified.

STROUD and MEADS, JJ., agree.