Belinda L. GREEN *v.* STATE of Arkansas

CA CR 02-234                                        87 S.W.3d 814

Court of Appeals of Arkansas
Division IV
Opinion delivered October 30, 2002

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

JOHN F. STROUD, JR., Chief Judge. Appellant, Belinda Green, was charged with second-degree domestic battering, a felony, and was tried by the court. At the conclusion of the case, the trial court reduced the charge and found her guilty of the offense of third-degree domestic battering, a misdemeanor. On appeal, she contends that "the circuit court erred in denying [her] motion to dismiss the charge of second-degree domestic battering and erred in finding her guilty of third-degree domestic battering because the State failed to introduce substantial evidence that [she] committed either second-degree or third-degree domestic battering." We disagree and affirm.

At the trial of this case, Deputy K. Adams, a deputy with the Pulaski County Sheriff's Department, testified that he responded to a call involving a house alarm. He said that when he arrived at the residence, he could hear arguing in the back bedroom between one female voice and one male voice. He said that he knocked on the front door several times before anyone answered,

but that finally Johnny Green answered the door. Deputy Adams said that when Johnny Green came to the door, he stepped outside and closed the door behind him as if he did not want the officer to know what was going on inside. Adams said that he observed that Johnny Green's hand was cut and that blood was dripping from it. Adams stated that based upon the circumstances, he entered the residence. He said that he put appellant and Johnny Green in separate rooms and that he did not observe any injuries on appellant. He stated that he made a decision that a crime had been committed and arrested appellant.

Jake Bowden, a patrol deputy for the Pulaski County Sheriff's Department, testified that he responded to the call with Deputy Adams. Recounting essentially the same testimony as Adams, he said that he also heard two people arguing inside the house. In addition, he stated that appellant was cooperative and that she told him that she had cut Johnny Green with scissors. He testified that appellant was intoxicated, and that she told him that she cut Johnny Green with the scissors because she was afraid that he was going to batter her.

After Bowden's testimony, the deputy prosecuting attorney informed the court that Johnny Green was present, but that the State had chosen not to call him because it believed he might perjure himself. Defense counsel then moved for a directed verdict at the close of the prosecution's case, stating in pertinent part, "[T]hey haven't proven beyond a reasonable doubt that she intentionally committed any crime. And if she did commit a crime, they haven't shown that it wasn't in self defense. I'm asking for a directed verdict on those grounds." The motion was denied.

In her defense, appellant testified that she was forty years old; that she had been with Johnny Green for eighteen years; and that they had an eighteen-year-old daughter. She denied telling Officer Bowden that she had cut Johnny Green because she was afraid that he would hurt her. She said instead that she kept telling the officer that she did not cut Johnny Green and that she did not know how he got cut.

After appellant testified, defense counsel renewed his motion to dismiss:

The State has rested and we renew all our motions on the directed verdict of the State. The State doesn't have any proof that she committed the crime. They haven't presented any proof that she committed a crime. They didn't see any crime occur. They tried to offer in hearsay evidence to prove a crime has occurred. They took statements from her without reading her Miranda rights. They wouldn't let her leave before she gave any statement, so I am going to ask the Court to find her not guilty because they didn't prove the allegation.

The trial court stated that it was "going to reduce this to a misdemeanor" and sentenced appellant to serve one year of probation and pay a $100 fine and court costs.

■ ■ A motion to dismiss, identical to a motion for a directed verdict in a jury trial, is a challenge to the sufficiency of the evidence. *Walker v. State,* 77 Ark. App. 122, 72 S.W.3d 517 (2002). On appeal of the denial of a motion for dismissal, the sufficiency of the evidence is tested to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* Circumstantial evidence is substantial if it is of sufficient force to compel a conclusion beyond mere suspicion or conjecture. *Id.* Only the evidence supporting the guilty verdict need be considered, and that evidence is viewed in the light most favorable to the State. *Id.*

Subsections (b) and (c) of Rule 33.1 of the Arkansas Rules of Criminal Procedure set forth the manner in which motions for dismissal in a nonjury trial are to be made:

(b) In a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all of the evidence. The motion for dismissal shall state the specific grounds therefor. If the defendant moved for dismissal at the conclusion of the prosecution's evidence, then the motion must be renewed at the close of all of the evidence.

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the

evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal. If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

The State tried its case against appellant based upon Arkansas Code Annotated section 5-26-304(a)(2) (Supp. 2001), which provides that "[a] person commits domestic battering in the second degree if: . . . (2) [w]ith the purpose of causing physical injury to a family or household member, he causes physical injury to a family or household member by means of a deadly weapon . . . ." At the end of the trial, however, the court found appellant guilty of third-degree domestic battering, a misdemeanor, rather than second-degree domestic battering, a felony. Arkansas Code Annotated section 5-26-305 (Supp. 2001) describes the misdemeanor offense. It provides:

> (a) A person commits domestic battering in the third degree if:
>
> (1) With the purpose of causing physical injury to a family or household member, a person causes physical injury to a family or household member; or
>
> (2) A person recklessly causes physical injury to a family or household member; or
>
> (3) A person negligently causes physical injury to a family or household member by means of a deadly weapon; or
>
> (4) A person purposely causes stupor, unconsciousness, or physical or mental impairment or injury to a family or household member by administering to a family or household member, without the family or household member's consent, any drug or other substance.

██ ██ Appellant concedes that third-degree domestic battering is a lesser-included offense of second-degree domestic battering. Our supreme court has held that in order to preserve challenges to the sufficiency of the evidence supporting convictions for lesser-included offenses, defendants are required to antici-

pate and address the lesser-included offenses, either by name or by apprising trial courts of the elements of the lesser-included offenses, in their motions for directed verdict. *Ramaker v. State,* 345 Ark. 225, 46 S.W.3d 519 (2001). *See also Brown v. State,* 347 Ark. 308, 65 S.W.3d 394 (2001); *Jordan v. State,* 323 Ark. 628, 917 S.W.2d 164 (1996). While *Ramaker, Brown,* and *Jordan, supra,* involve motions for directed verdicts in jury trials, appellant has not provided us with any argument or authority, and we have found none, that distinguishes the holdings in those cases from situations involving motions to dismiss in nonjury trials, which is the situation here. Consequently, we conclude that even in this nonjury trial, in order to preserve her challenge to the sufficiency of the evidence supporting her conviction for a lesser-included offense, appellant was required to address the lesser-included offense, either by name or by apprising the trial court of the elements of the lesser-included offense, in her motion for dismissal.

■ Accordingly, based upon appellant's motions for dismissal, the only portion of her argument that was preserved for appeal is that there was insufficient evidence to establish that she committed the offense at all, or alternatively, that there was insufficient evidence to establish that she acted intentionally, or purposefully. Neither argument prevails. First, there was sufficient evidence to establish that she was the one who cut Johnny Green because Officer Bowden testified that she admitted to him that she had cut Johnny Green with a pair of scissors. In addition, both officers heard the couple arguing and saw the bleeding cut on Johnny Green's hand. Moreover, in finding appellant guilty of misdemeanor domestic battering, the trial court did not specify the subsection of the third-degree domestic battering statute upon which he was relying to find guilt. Neither did defense counsel ask for clarification. Therefore, because the trial court may well have relied upon subsection (a)(2) or (a)(3) of the statute, neither of which require purposeful action, it is unnecessary to address whether there was sufficient evidence to establish that she acted purposely in cutting Johnny Green.

Affirmed.

CRABTREE and BAKER, JJ., agree.