Justin PORTER *v.* STATE of Arkansas

CA CR 02-1237 120 S.W.3d 178

Court of Appeals of Arkansas
Divisions II and III
Opinion delivered June 25, 2003

*Osmon & Ethredge*, by: *David L. Ethredge*, for appellant.

*Mike Bebee*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

WENDELL L. GRIFFEN, Judge. This appeal arises from a conviction of driving while intoxicated, third offense, of appellant, Justin Porter, in Baxter County. Appellant argues (1) that the trial court erred in finding him guilty of driving while intoxicated because the blood test taken in accordance with Ark. Code Ann. § 5-65-201 (Repl. 1997) showed a chemical analysis

of .05% by weight of his blood; and (2) that the trial court erred in admitting and considering a hospital blood test as definitive proof of his intoxication when the test was not taken in accordance with the Arkansas Omnibus DWI Act. We reverse and dismiss.

On the morning of May 20, 2001, appellant crashed his car at roughly 6:30 a.m. while on his way to work, in a one-vehicle accident. Appellant was alone in the vehicle. At appellant's subsequent bench trial, Arkansas State Trooper Jim Brown testified that he arrived on the scene shortly after the accident. Brown smelled the strong odor of alcohol on appellant's person. He questioned appellant at the site of the accident about his operation of the vehicle. Appellant told Brown that he was on his way to work. Brown accompanied appellant to the Baxter County Hospital, where appellant received treatment for his injuries and where two blood-alcohol tests were performed on him.

The hospital's patient summary report indicated that the first blood-alcohol test occurred at or around 7 a.m. The test showed a blood-alcohol content of .0904%. At trial, Deborah K. Williams testified that she was the Director of Laboratory Services at Baxter Regional Hospital and that she was responsible for the supervision of blood samples and processing those samples. She did not supervise the drawing of blood from appellant because she was not then employed at the hospital. However, she testified that the hospital followed a certain protocol for drug blood tests involving cleansing the test site with a non-alcohol preparation substance and drawing the blood only after the site was cleaned. The blood thus drawn was processed in the chemistry department of the hospital's laboratory, followed by a report of the results. Williams testified that she saw no reason to believe that this procedure was not followed in the case of appellant's first blood test. At the end of Williams's testimony, the State moved to admit the hospital patient summary report into evidence. Counsel for appellant did not object.

Counsel for appellant subsequently cross-examined Williams, thus establishing that Williams could not tell whether a nurse, a technician, or a doctor drew the first blood test. Cross-examination also elicited Williams's testimony stating that because the first

blood test was drawn for a physician on a physician's order, the hospital personnel, regardless of who actually drew the blood, would have followed the above procedure.

Concerning the second blood test, Officer Brown testified that he observed the second blood test being conducted at around 9 a.m. Brown stated that Julie McCoy, a lab technician, drew the blood. Brown asked her specifically to use a "red solution" rather than alcohol in preparation for needle insertion. According to the officer, the red substance looked and smelled like Betadine, a substance he had seen being used in preparation of blood alcohol tests several times before. Brown sent the sample to the Arkansas State Crime Laboratory and eventually received a result of .05%.

At the end of the State's case, counsel for appellant moved to dismiss. He stated specifically:

> The State has not proved that my client was intoxicated at the time the accident occurred. By the admission of the Trooper, at six-thirty the time of the collision, the test was drawn some time before seven o'clock. By the blood alcohol given by the State he was .09 at the time that this incident occurred, I believe the blood alcohol of the State of Arkansas was .10. This occurred in May of 2001 and the law had not yet changed. At the time that this occurred, he was under the legal limit of the State of Arkansas, and so with that I don't believe the State can move forward in proving my client was intoxicated.

The following colloquy took place:

> STATE: Judge, I think it's in the discretion of the Court as to the totality of the circumstances between .05 and .10, Judge.
>
> THE COURT: It's a discretionary matter. The motion will be denied.

At this point, counsel for appellant chose to rest his case. The remainder of the hearing concerned sentencing. The trial court convicted appellant of DWI, third offense, and sentenced him to twelve months in county jail with sixty days suspended. Appellant was placed on one year of supervised probation and ordered to pay court costs of $300 and a fine of $1,500. From this conviction arises this appeal.

· *Analysis*

■■■ Appellant's first point, and his motion to dismiss in the court below, constitutes a challenge to the sufficiency of the evidence. *See* Ark. R. Crim. P. 33.1(b) (2003); *see also Green v. State*, 79 Ark. App. 297, 87 S.W.3d 814 (2002). On appeal of the denial of a motion for dismissal, we test the sufficiency of the evidence to determine whether the verdict is supported by substantial evidence, direct or circumstantial. *Id.* We need only consider the evidence supporting the guilty verdict, and we view that evidence in the light most favorable to the State. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Edmond v. State*, 351 Ark. 495, 95 S.W.3d 789 (2003). Circumstantial evidence may provide the basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Id.*

■■ ■ At the time of appellant's offense, Ark. Code Ann. § 5-65-103 (Rep. 1997) provided:

> (a) It is unlawful and punishable as provided in this act for any person who is intoxicated to operate or be in actual physical control of a motor vehicle.
> (b) It is unlawful and punishable as provided in this act for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth of one percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance.

In order to convict, the State must prove all elements under both subsections of Ark. Code Ann. § 5-65-103. *Neble v. State*, 26 Ark. App. 163, 762 S.W.2d 393 (1988). Furthermore, the Code provides, based on certain blood-alcohol levels within four hours after the alleged offense:

> (1) If there was at that time one-twentieth of one percent (0.05%) or less by weight of alcohol in the defendant's blood, urine, breath, or other bodily substance, it shall be presumed that the defendant was not under the influence of intoxicating liquor;

(2) If there was at the time in excess of one-twentieth of one percent (0.05%) but less than one-tenth of one percent (0.10%) by weight of alcohol in the defendant's blood, urine, breath, or other bodily substance, such fact shall not give rise to any presumption that the defendant was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the guilt or innocence of the defendant.

Ark. Code Ann. § 5-65-206(a)(1)-(2) (Repl. 1997). The Arkansas Supreme Court has held competent evidence supporting a DWI conviction to consist of a defendant's blood-alcohol content of .06 percent, police officers' testimony that they did not doubt that the defendant was intoxicated, that they observed the defendant's slurred speech and red and glassy eyes, and that one officer smelled the odor of intoxicants on the defendant, who also admitted that he had "had a few." *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996) (reversing trial court's grant of directed verdict to the defendant based on low blood-alcohol level).

Here, we hold that the State did not prove DWI. The first blood test showed a result of .0904 percent blood-alcohol level. Even though this result may be used as evidence, according to Ark. Code Ann. § 5-65-206(a)(2), it does not trigger a presumption of intoxication. The second blood test, upon request of the investigating police officer, resulted in only .05 percent blood alcohol level, not in excess of the then legal limit.

The State also points us to the testimony of Officer Brown, indicating that appellant emitted a strong odor of intoxication when Brown came into contact with appellant. That happened around 6:30 in the morning, after appellant had crashed his vehicle in a one-vehicle accident, on his way to work. We certainly defer to the trial court's superior ability to assess witness credibility, *Crain v. State*, 78 Ark. App. 153, 79 S.W.3d 406 (2002). We do not doubt officer Brown's credibility in the question whether or not appellant omitted a strong odor of intoxication. However, we find this testimony insufficient to support the DWI conviction.

We recognize that Ark. Code Ann. § 5-65-206(a)(1)-(2) enables our trial courts to consider evidence of blood

alcohol content in excess of .05 percent, but less than .10 percent. We also acknowledge that our supreme court, as stated above, has found sufficient evidence in a case where the defendant's blood alcohol content was .06 percent, but where police testimony also established that defendant had slurred speech, red and glassy eyes, that he smelled of intoxicants, and that defendant admitted that he had a few drinks. *See State v. Johnson, supra.* However, the present case before us involves a defendant whose blood-alcohol content—according to the only blood test conducted according to statutory requirements—was .05 percent. Furthermore, available police testimony merely established that appellant emitted a strong odor of intoxication. There was no testimony concerning speech pattern, appearance of appellant's eyes, any admission of his, or anything else that would support a finding of intoxication. We decline to draw a sweeping inference from an odor alone because odor, by itself, does not yet tell whether the person actually drank alcohol above the legal limit. We have previously held that the fact of an accident and odor of intoxicants alone does not constitute substantial evidence of intoxication. *Stivers v. State*, 64 Ark. App. 113, 978 S.W.2d 749 (1998). In that case, the accused had a one-car accident and the investigating officer testified that the accused seemed unresponsive and sleepy after the accident. *Id.* We found it reasonable to infer that his injuries rather than intoxication could have caused his impaired response. *Id.* In our present case, in light of the fact that neither blood test resulted in blood-alcohol levels in excess of the then legal limit, we cannot now hold that appellant's case is one in which blood-alcohol content and a mere allegation of an odor of intoxication is sufficient proof for DWI. Therefore, we reverse and dismiss.

 Concerning appellant's remaining point, we note that appellant failed to preserve for appeal his second argument, concerning the alleged erroneous admission of the results of the first blood-alcohol test, because appellant failed to file a motion *in limine* concerning the test results before the trial or otherwise object to the admission of the results at trial. The failure to object or raise an issue in a motion prevents an issue from being raised for the first time on appeal. *Flores v. State*, 350 Ark. 198, 85 S.W.3d 896 (2002).

Reversed and dismissed.

HART, VAUGHT, and ROAF, JJ., agree.

BIRD and CRABTREE, JJ., dissent.

TERRY CRABTREE, Judge, dissenting. Based on our standard of review, I am unable to say that there is no substantial evidence to support appellant's conviction for driving while intoxicated, third offense. Therefore, I respectfully disagree with the majority's reversal of this conviction based on insufficient evidence.

The facts of this case are straightforward. State Trooper Jim Brown investigated a one-vehicle accident that occurred at around six o'clock on Sunday morning, May 20, 2001. The appellant was the driver and sole occupant of the vehicle that was involved in the wreck. While at the scene, Officer Brown detected the odor of alcohol about appellant's person. Brown described the odor as being "strong."

Appellant was taken to the hospital. A blood sample was drawn by the hospital at 7:00 a.m., and testing of that sample showed appellant's blood-alcohol content to be .0904%. This test result, and the testimony given about it, were admitted into evidence without objection. Another blood sample was taken at 9:00 a.m. at the direction of Officer Brown. The result of that test showed a blood-alcohol level of .05%.

Our legislature has provided two different ways of proving a DWI violation. *Wortham v. State*, 65 Ark. App. 81, 985 S.W.2d 329 (1999). At the time of the offense, Arkansas Code Annotated section 5-65-103 (Repl. 1997) provided that (a) it is unlawful . . . for any person who is intoxicated to operate or be in actual physical control of a motor vehicle, or (b) it is unlawful . . . for any person to operate or be in actual physical control of a motor vehicle if at that time there was one-tenth percent (0.10%) or more by weight of alcohol in the person's blood as determined by a chemical test of the person's blood, urine, breath, or other bodily substance. In order to be in violation of this statute, it need only be proven that the accused was "intoxicated"; it is not necessary for it to be proven that the accused's blood-alcohol content reached the

level .10%. *Mace v. State*, 328 Ark. 536, 944 S.W.2d 830 (1997); *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996); *Tauber v. State*, 324 Ark. 47, 919 S.W.2d 196 (1996). The term "intoxicated" means influenced or affected by the ingestion of alcohol to such a degree that the driver's reactions, motor skills, and judgment are substantially altered and the driver, therefore, constitutes a clear and substantial danger of physical injury or death to himself or other motorists or pedestrians. Ark. Code Ann. § 5-65-102(1) (Repl. 1997). Arkansas Code Annotated section 5-65-206(a)(1) (Supp. 2000) provides that, if the amount of alcohol in the defendant's blood within four hours of the offense is .05% or less, then it is presumed that the defendant was not under the influence of an intoxicating liquor. If the defendant's blood-alcohol content exceeds .05% but is less than .10%, there is no presumption that the defendant was or was not under the influence of intoxicating liquor, but this fact may be considered with other competent evidence in determining the defendant's guilt or innocence. Ark. Code Ann. § 5-65-206(a)(2).

Appellant argues on appeal that the evidence is insufficient based on the test result showing a blood-alcohol content of .05% and the afore-mentioned presumption found in Ark Code Ann. § 5-65-206(a)(1). This argument ignores, however, the contradictory blood-alcohol result which showed an increased level of alcohol at .0904%. Variances and discrepancies in the proof go to the weight and credibility of the evidence and are, therefore, matters for the factfinder to resolve. *Hunter v. State*, 62 Ark. App. 275, 970 S.W.2d 323 (1998). Accordingly, it was for the factfinder to resolve any conflicts and inconsistencies in the evidence. *Id.*

In determining the sufficiency of the evidence to support a criminal conviction, the appellate court is to view the evidence in the light most favorable to the appellee and to consider only the evidence that supports the verdict. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2001). When the evidence is viewed in the appropriate light, it shows a blood-alcohol level of .0904%, which is, incidentally, just shy of .10% and much greater than .05%. In addition to that test result showing a substantial presence of alcohol, there was evidence that appellant was involved in a one-vehicle accident, and there was testimony from the investigating officer

that there was a strong odor of alcohol about appellant's person. The blood-alcohol test result in evidence here distinguishes this case from *Stivers v. State*, 64 Ark. App. 113, 978 S.W.2d 749 (1998), where we found the evidence to be insufficient where the State's proof showed only that the appellant smelled of alcohol and was involved in a one-vehicle accident. Based on the .0904% test result, the strong odor of alcohol, and appellant's apparent loss of control of his vehicle, I cannot say that there is no substantial evidence to support the trier of fact's conclusion that appellant was affected by the ingestion of alcohol to such a degree that his reactions, motor skills, and judgment were substantially altered such that he constituted a clear and substantial danger of physical injury or death to himself and others.

The majority reaches a contrary conclusion by discounting the test result of .0904%. It does so by weighing the evidence, passing judgment on the credibility of the evidence, and resolving the conflicts in the evidence in appellant's favor. However, it was for the factfinder to make those determinations, not this court on appeal. It is simply our job to determine whether there is substantial evidence to support the verdict, viewing the evidence in the light most favorable to the appellee and considering only the evidence that supports the verdict. The .0904% test result was admitted into evidence without objection and was competent evidence for the trial court to consider and deem trustworthy. Under a proper application of our standard of review, appellant's conviction must be affirmed.

Appellant's second point concerns the trial court's admission of the .0904% test result. The majority states that it is not addressing that issue. However, in determining that the evidence is insufficient, the majority has in fact embraced the arguments raised by appellant in his second point for reversal. This is wrong. This test result was admitted without objection and any issue as to its admissibility has not been preserved for appeal. Secondly, in reviewing the sufficiency of the evidence, the appellate court is to consider in its review all of the evidence, even that which might be considered inadmissible. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

The effect of the majority opinion is that a driver's crashing of his car in a single-car accident, accompanied by proof that the driver had a strong smell of alcohol about him and tested positive with a .0904% blood-alcohol content, is not sufficient, as a matter of law, to sustain a conviction for DWI. The majority opinion suggests that under *State v. Johnson*, 326 Ark. 189, 931 S.W.2d 760 (1996), these factors must also be accompanied by proof of slurred speech, glassy eyes, and a confession before a finding of guilt can be made. This was not the holding of the supreme court in *Johnson v. State*, and today's decision marks a significant departure from existing case law, and is an additional basis for my dissent.

I am authorized to state that Judge SAM BIRD joins in this opinion.